## JOSHUA RICHMOND *vs.* JOHN A. PARKER & another.

R. delivered to B., master of a whaling vessel, a quantity of slops, for sale to the crew, on joint account of R. and B., the profits to be divided between them: B. sold the slops to the crew, and charged to each the amount that each purchased, and rendered to the owners of the vessel, at the end of the voyage, an account of the slop bills against the crew, amounting to $653·10, which sum was credited to him, in an account of the voyage, settled between him and the owners, on which settlement there was found due to B., after deducting what he owed them, the sum of $864·72 : Before this account was settled, B. drew an order on the owners, as follows : " Pay to M. the whole sum due me for balance of my voyage : " R. gave notice to the owners, that he claimed one half of the money in their hands, derived from the sale of the slops, and requested them not to pay it to any other person : M. afterwards sued the owners, in the name of B., for the balance due B. on his voyage, and on giving them an indemnity against R.'s claims, they paid to M. said sum of $864·82 : R. then brought an action against the owners, to recover one half of said sum of $653·10. *Held,* that B.'s order assigned to M. only B.'s separate and private balance due from the owners to him, and not R.'s interest in the lays of the crew, for the slops furnished to them. *Held also,* that the owners, by their proceedings, had assented to a severance of the interest of R. and B. in the proceeds of the slops, and were liable therefor to R., in an action brought by him alone.

THIS was an action of assumpsit for money had and received, money paid, goods sold and delivered, work and labor performed, and materials found. A count was added on the following account annexed to the writ : " June 13th 1843. To amount of proportion of slop bills against the seamen on board the barque Franklin, on her recent voyage, received by you in settlement with William E. Beetle, master of said barque, . . . . . . . . . . . . . . . . $326·55

Interest to October 29th 1844, . . . . 27·75

$354·30."

At the trial before *Hubbard,* J. it was agreed by the parties, that the barque Franklin belonged to the defendants, and that William E. Beetle was the master : That the barque sailed on a whaling voyage, in July 1839, and returned in April 1843 : That before she sailed, the master, who had had dealings with the plaintiff, entered into an agreement with him to take a quantity of slops for seamen, to sell on joint account, and that the invoice of the goods was headed

thus : "Invoice of merchandize consigned by Joshua Rich-mond to Captain William E. Beetle, for sale on joint account ; the profits to be divided, after paying interest and insurance."

It appeared that the amount of the aforesaid invoice was $525·80, and that one half of this amount was charged by the plaintiff to Captain Beetle, in account, and that a note was given by Beetle to the plaintiff for the balance ; that Beetle received the goods on board the Franklin, and sold nearly all of them to the crew, during the voyage, and charged the crew, respectively, with the amount that each received ; that Beetle, on his return home, rendered the account of his slop bills against the crew to the owners of the barque, amounting to $653·10, which sum was credited to him in an account settled June 2d 1843, on which account there was a balance of $59·92, due to him, independently of his share of the voyage, for which share another account was stated with him by the owners, in which he was credited $977·60, and with the aforesaid balance of $59·92, and charged with a note and a small account held against him by the owners ; leaving a balance to him of $864·82, which the owners (the defend-ants) paid over, on the 11th of January 1844, to T. G. Cof-fin, Esq. for account of Munroe & Morse, to whom Captain Beetle, being insolvent, had assigned his interest in the voy-age, by an order on the defendants of the following tenor : " For value received, pay to the order of Munroe & Morse the whole amount due me for the balance of my voyage in the barque Franklin. W. E. Beetle."

It appeared that the aforesaid order was presented to the defendants the day after the arrival of the Franklin, in April 1843 ; and that the plaintiff, on the 5th of June 1843, gave written notice to the defendants that he claimed the amount of money in their hands, derived from the slops sold on board the Franklin to the seamen, and requested them not to pay over the proceeds to any other person.

The following facts also appeared : After the plaintiff gave the aforesaid notice to the defendants, Munroe & Morse, in the name of Beetle, sued the defendants, who at first

attempted to defend the suit, for the plaintiff; but Munroe & Morse gave an indemnifying bond to the defendants, who then suffered judgment to be rendered against them; putting on file the following agreement made between them and Munroe & Morse : " It is hereby agreed that judgment in this case shall not prejudice or affect, in any way, the rights or claims of Joshua Richmond to any part of the money in the defendants' hands, any further than any payment of them would, with notice of said Richmond's claim thereto." The amount paid over by the defendants to Munroe & Morse was $864·82 ; the defendants retaining all that was due from Beetle to them, by note or account, without reference to the Franklin's voyage.

The plaintiff claimed, in the present suit, the proportions due to him (with interest) for the slops furnished to Beetle, and the proceeds of which were received by the defendants.

Munroe & Morse (who defended this suit) claimed to retain the whole amount received by them.

The judge directed a verdict for the plaintiff, for the sum claimed by him; and a verdict was returned accordingly, subject to the opinion of the whole court.

*Coffin,* for the defendants.

*Clifford,* for the plaintiff.

HUBBARD, J. It is contended that the plaintiff and Beetle were either partners in the transaction, or joint owners of the proceeds of the goods, and therefore the plaintiff cannot maintain an action against the defendants, unless Beetle is made a plaintiff with him ; that the master, as partner or joint owner, had full authority to receive payment and give a discharge; that in the adjustment with his owners, he received, by way of set-off against him, the amount due upon the adventure, except $59·92 ; and that the plaintiff cannot recover a moiety of this sum, as he cannot sue alone, nor can he join the master with him in an action, as the master has received the whole amount, in the settlement made by the defendants with Munroe & Morse.

The plaintiff and Beetle were jointly interested in the

proceeds of the goods ; but the adventure was so far settled and determined, and the accounts made up with the owners, and allowed, that there is no doubt, if Beetle had received the balance from the owners, the plaintiff could have sued him in assumpsit, and have recovered the amount due for his share of the adventure. It would have been no valid answer for Beetle to have said they were partners, and that an action would not lie.

See *Barney* v. *Coffin*, *Fanning* v. *Chadwick*, *Baxter* v. *Rodman*, 3 Pick. 115, 420, 435, and *Robinson* v. *Williams*, 8 Met. 454, which recognize principles that we deem applicable to the present case.

This is one of those adventures peculiar to a whaling voyage, in which the master is allowed to supply the crew with necessaries, and to have a lien and security, for his reimbursement, in the results of their earnings, at the close of the voyage. The crew are neither partners nor tenants in common with the owners of the vessel in the oil obtained on the cruise, but they have a claim on the proceeds, according to their respective proportions or lays, agreeably to their shipping contracts. The owners of the vessel become the agents of the crew, and are responsible to them or to those persons who have a lien on their shares. In this case, in which the plaintiff and the master were jointly concerned, Beetle, the master, has made a settlement of the voyage, and has ascertained the sums due to the seamen, respectively, from the owners, and the amount due from the seamen to the plaintiff and himself ; and the question is, whether, upon the facts proved, the interests of the plaintiff and Beetle have been so far severed, that the plaintiff can now maintain an action against the agents for the share due to himself, in the same manner as if the supplies had been furnished to the seamen in his name. And for this purpose we are to look at the relation of the several parties to each other at the time of the commencement of this suit.

And *first*, as to the interest acquired by Munroe & Morse, the creditors of Beetle, who are in fact the parties contesting

the plaintiff's right. They claim, by virtue of an assignment or order from Beetle, to hold the proceeds of these goods, and to turn the plaintiff round to a vain remedy upon Beetle, who is insolvent. The order of Beetle upon the owners is to pay Munroe & Morse " the whole amount due me for the balance of my voyage in the barque Franklin." This order, we think, is to be construed with reference to the master's right and interest in the shares of the men ; and in giving a construction to it, we think it does not assign to them more than the master's separate and private balance due to him from the owners on the settlement of his accounts with him ; and did not undertake to convey, what he could not honestly do, the plaintiff's share or interest in the lays of the seamen for the goods he had furnished to them. The order was drawn up at the moment of the arrival of the vessel, before any progress had been made in the adjustment of the voyage, and was intended to assign what he might be personally entitled to, on the settlement of his final account with those concerned in the voyage. This order, therefore, though general in its terms, we think is to be confined to the private and separate interest of the master ; and by virtue of it Munroe & Morse acquired no right to the interest or share of the plaintiff in the lays of the seamen. So that if the amount claimed by the plaintiff had been paid to him by the defendants, Munroe & Morse could not, in their own names, nor in the name of the master, have recovered back the same from him.

The *second* question which arises is, whether there has been such a severance of the interest of the plaintiff and Beetle, with the assent of the owners, that the plaintiff can maintain a separate action against them for the money ascertained to be due to him, as the proceeds of his share of the goods. And we think that this assignment by Beetle to Munroe & Morse was, so far as he was concerned, a severance of the joint interest of the plaintiff and himself in the amounts due from the former ; and that this severance has been agreed to by the defendants, in the settlement they

have made with Munroe & Morse, and in the indemnity they have taken to protect themselves from the plaintiff's claim. The defendants are now in the situation of stakeholders, and their conduct is an assent to pay to the parties respectively, according to their rights.   And we are of opinion that this arrangement of the suit brought by Munroe & Morse in the name of the master, is not such a payment of the whole proceeds to the master, as operates as a discharge of this action. The master having severed the claim, and having assigned his own balance merely, and the defendants having consented to it, there is now no technical difficulty in the way of the plaintiff's recovery in this case, agreeably to the law as stated in *Baker* v. *Jewell,* 6 Mass. 460.

*Judgment on the verdict.*