WILLIAM G. VIALL vs. THE LIONEL MANUFACTURING COMPANY.

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A former judgment for the recovery of instalments of salary or wages then due under a contract with the defendant, is not a bar to a subsequent action to recover damages for the defendant's breach of the contract, since the causes of action are different; and therefore a transcript of the evidence which was given in the first action is not admissible in the second, for the purpose of showing that the former judgment was for the same cause as that alleged in the second action.

The record in the former action was laid in evidence. *Held* that this established the execution and validity of the contract in question, and that such action was for salary due and not for breach of contract, in so far as that issue was one of fact.

A demurrer to a defense which this court had already determined to be insufficient on appeal, is properly sustained on the retrial of the cause.

An immaterial amendment of a complaint furnishes no adequate reason for refiling a defense which has once been adjudged insufficient on demurrer.

Argued October 26th, 1917—decided January 3d, 1918.

ACTION to recover damages for the neglect and refusal of the defendant to carry out an alleged written agreement to employ the plaintiff and to pay him the salary prescribed therein after a certain date, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the plaintiff for $1,030, and appeal by the defendant. *No error.*

The action was brought to recover damages for the breach of a contract of employment. On the trial to the court it found, in substance, the following facts: The agreement in question was made between the parties on October 4th, 1913, by which the defendant agreed to employ the plaintiff for fifteen and a half months from October 15th, 1913.

On December 8th, 1913, the plaintiff brought an action against this defendant to recover the sum of $216 claimed to be due at that time to the plaintiff. The case went to trial, and on June 16th, 1914, judgment was entered for the plaintiff to recover said sum, which the defendant paid.

From December 8th, 1913, to the end of the term of the contract, the plaintiff was willing and ready to perform his part of the agreement, but the defendant neglected and refused to perform its part.

On October 12th, 1913, the parties orally agreed that

the defendant should send samples for the plaintiff to work upon at home until January 1st, 1914, at $27 a week, unless the defendant called upon him to work in the factory, in which event he should receive the full salary agreed, at the rate of $2,000 a year. The defendant neglected to send any samples to the plaintiff and refused to employ him in the factory. The court in this action gave the plaintiff damages to the amount of $1,030.62.

The case was before this court at its June term, 1916, and is reported in 90 Conn. 694, 98 Atl. 329.

The defendant's answer set up the former judgment as a bar to this action, in a second defense, but a demurrer to this defense was sustained.

*Harrison T. Sheldon*, for the appellant (defendant).

*Henry E. Shannon*, for the appellee (plaintiff).

SHUMWAY, J. The decision of this court, when this case was before it on the plaintiff's appeal, disposes of all the questions of law involved in the second trial, except the ruling on evidence; but even the single ruling which the defendant claims was erroneous did not affect it harmfully. The evidence on which the ruling was given was the testimony of *Judge Scott*, as to the evidence before him on the trial of the first case. As *Judge Scott* was unable to appear on this trial, it was stipulated that his notes of the evidence should be received in place of his oral testimony. These notes were read to the court. The court ruled them out for the purpose for which they were first offered. Counsel stated that the fundamental claim was to show that the first action was a bar to this. The court excluded the notes for that purpose, but ruled them in for the purpose of showing when the breach of the contract by the defendant occurred.

There was no error in ruling out the evidence for the purpose for which it was first offered. It is apparent that the first action was to recover the $27 a week, which the plaintiff was to receive under the modification of the first contract, and the amount of the first judgment was for salary due by reason of the fact that the plaintiff was ready and willing to perform the work, and not due for any actual labor performed.

All of the facts that were in issue in the first case were adjudicated by the judgment in that case, including the fact that the parties entered into the contract; and so far as it was a question of fact, that the first action was for salary due to December 8th, 1913, and not for damages for breach of contract. For the purposes of the case it is wholly immaterial whether the plaintiff even worked in the defendant's factory or not, so long as he was ready and willing to work and was prevented from doing so by the defendant's act.

There was no error in sustaining the demurrer to the second defense which raised the very question this court had decided adversely to the defendant's contention; no more was it error for the court to deny the defendant's motion to file the same defense after the plaintiff had amended his complaint. That amendment did not change the plaintiff's complaint any further than that it may have removed any ground to claim that he was seeking to recover a salary rather than damages for breach of contract.

In all of the defendant's fifteen reasons of appeal none of them afford the defendant any good cause to complain of the judgment, unless the first case was in fact a bar to an action to recover damages for a breach of the contract.

There is no error.

In this opinion the other judges concurred.