ALLAN McISAAC *vs.* JUNIUS H. HALE.

First Judicial District, Hartford, March Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and ELLS, Js.

A condition precedent is one which must be performed by the party obligated before he can enforce the obligation of him for whose benefit the condition was inserted in the contract.

Whether or not a provision in a contract is a condition precedent depends upon the intent of the parties, which is to be gathered from the context read in the light of the recognized rules governing the interpretation and construction of writings.

Recourse to extrinsic evidence is permissible to explain a latent ambiguity in a written contract.

The defendant's lease of the plaintiff's premises provided for a monthly rental of $115 and that the plaintiff should make certain alterations, improvements and additions, after the completion of which the defendant should pay "an additional rental for said premises, said increase to be ten per cent. of the cost of making said alterations, improvements, etc., . . . but it is agreed that proper receipts and vouchers . . . are to be presented . . . and when agreed to by the parties hereto, the monthly rental of said premises to be increased accordingly." The plaintiff proceeded to make improvements of the value of $1,515, but only a part of the bills covering their cost were submitted to the defendant and the parties failed to reach an agreement as to the amount; and in the present action to recover the additional rent provided for in the lease, the trial court ruled that such submission and agreement were conditions precedent to the defendant's obligation to pay and rendered judgment accordingly. *Held* that the construction of the contract adopted by the trial court, which would enable the defendant to enjoy the benefits of the alterations and improve-

McIsaac v. Hale.

ments without compensating the plaintiff merely upon the ground that the provision for submission of the bills and agreement as to the amount had not been performed, was unreasonable, inequitable and erroneous, and that such provision should be construed, rather, as a distinct and independent undertaking.

Argued March 3d—decided April 8th, 1926.

ACTION to recover rent alleged to be due under a lease by the defendant of the plaintiff's garage, brought to the Superior Court in Hartford County and tried to the court, *Hinman, J.;* judgment for the defendant, and appeal by the plaintiff. *Error and cause remanded.*

*Benedict E. Lyons,* with whom, on the brief, was *John R. Hayes,* for the appellant.

*Henry J. Calnen,* for the appellee (defendant).

HAINES, J.  The material facts found are the following:  A partnership, of which the defendant was a member, had for about three years prior to April, 1919, occupied the plaintiff's premises under an oral lease at a rental of $90 per month, and there conducted a public garage.  During that occupancy and prior to December 1st, 1918, the plaintiff had made and completed certain changes and improvements in the premises, at a cost of $3,709.36.  The partnership being dissolved on or about April 25th, 1919, the defendant thereafter conducted this garage business.  In the spring of 1919 the defendant discussed with the plaintiff the matter of taking a written lease.  It was agreed that certain other changes should be made in the premises by the plaintiff, and defendant would take a written lease.  The plaintiff fixed the rental at $115 per month, the increase of $25 per month being made because of the cost to the plaintiff of the improvements previously made.  It was mutually agreed that when additional contemplated improvements were com-

pleted, the total annual rental should be increased to the extent of ten per cent. of the cost of the additional improvements. There was a further provision that the receipts and vouchers showing the cost of such improvements should be submitted to the defendant by the plaintiff, and they would mutually agree upon the amount as a basis for estimating the ten per cent. increase in rental. A written lease was prepared and executed under date of April 25th, 1919, which was to embody this understanding. The additional improvements were made at a cost to the plaintiff of approximately $1,515. One of the changes—that of the motorization of the elevator—was not satisfactory to the defendant, who claimed he was unable, by reason of the defective installation, to avail himself of the use of it for the purposes for which it was installed. There was a delay and a confusion in submitting the bills to the defendant, and several conferences took place between them. All were finally produced except three, and these have never been submitted, but the expenditure represented by them has never been disputed by the defendant. The plaintiff insisted that the ten per cent. should be computed on the cost of all the improvements, both those made before and those made after the lease was agreed upon, a total of $5,224.59, while the defendant claimed that the improvements made in 1918, amounting to $3,709.36, were not intended by the understanding and the lease to be included in the computation. The result was that no agreement was ever reached by the parties, and the defendant continued to occupy the premises to the end of the term of the lease, approximately three years, and paid no additional rental whatever, though having the benefit of the additional improvements, so far as they were of any benefit. The plaintiff now brings this

action to recover the additional rental, under the terms of the lease.

That portion of the lease relating to this matter, reads as follows: "Said party of the first part does further agree to make certain alterations, improvements and additions to said leased premises (some of which have already been made) and also agrees to place a motor in the elevator in said building, at his own expense. . . . Said party of the second part does hereby agree that as soon as said alterations, improvements and additions are made and motor installed, he will pay to the party of the first part an additional rental for said premises said increase to be ten per cent. of the cost of making said alterations, improvements, etc., above set forth, but it is agreed that proper receipts, and vouchers, covering said improvements and changes are to be presented to said party of the second part, and when agreed to by the parties hereto, the monthly rental of said premises to be increased accordingly, pro rata on a ten per cent. annual increase, when determined as above. The party of the first part also agrees to make all repairs in and to said leased premises at his own expense."

There is an ambiguity in the wording of the above provisions. While on its face the lease appears clear, yet it is not possible to say from a reading exactly what improvements were intended as a basis for the computation of the ten per cent. additional rental. The trial court properly had recourse to the evidence, and has found that the improvements made in 1918 were not within the contemplation of the parties when the lease was made, and further, that the increase of $25 per month which was made when the lease was executed, was made because of the 1918 improvements.

The trial court held that the submission of the bills and the agreement of the parties as to the amount of

the same upon which the additional rental was to be computed, was a condition precedent to the obligation of the defendant to pay the additional rental, and that such submission never having been completely made, and the amount never agreed upon by the parties, the defendant was not required to pay any additional rent, and so gave judgment for the defendant.

The plaintiff seeks numerous changes in the finding and presents a transcript of all the evidence under the provisions of General Statutes, § 5832. There are eleven paragraphs which the plaintiff claims the trial court found "without any evidence." A careful reading of the transcript shows that, on the contrary, each of these paragraphs is supported by evidence, and if the court credited it, as apparently it did, the findings are justified. The plaintiff also asks the addition to the finding of various paragraphs of his draft-finding, but an examination of these does not disclose any which involve material facts which are at the same time either undisputed or admitted facts. For the most part they are in contradiction of the findings made by the trial court. The finding discloses painstaking care in preparation and a careful regard to the evidence.

The vital feature of the case is the trial court's holding that the second portion of the agreement in the lease as above quoted, was a condition precedent to the defendant's liability, and not having been met, the defendant was entitled to judgment in this action.

It is clear that these improvements were to be for the use and benefit of the defendant, who, as shown by the first quoted clause of the lease, agreed to pay for that benefit an additional rental of ten per cent. of their cost to the plaintiff, and this was to date from the time they were made. That this was mutually understood and intended, does not, we think, admit of doubt.

The further agreement that the bills should be submitted to the defendant and that the parties should agree on the amount, and when so determined, the rent should be increased, is unfortunately worded, and suggests, when read superficially, a contradiction as to when the increase should become operative. The trial court concluded that it conditioned the initial agreement to pay an increase, and was a condition precedent thereto.

A condition precedent is one which must be performed before the agreement of the parties becomes a valid and binding contract. 12 Corpus Juris, 408, note 22 [a]; citing *Metropolitan Life Ins. Co.* v. *Goodman,* 10 Ala. App. 446, 453; *Redman* v. *Ætna Ins. Co.,* 49 Wis. 431, 438, 4 N. W. 591. Whether a condition is precedent, depends upon the intent of the parties, and this is to be gathered from the context, read under the rules governing the interpretation and construction of writings. 12 Corpus Juris, 408, 409.

The additional improvements which the finding shows were contemplated by the lease, were in large part made, and the cost to the plaintiff was about $1,515. From the time they were completed, to the end of the term of his lease, the defendant had whatever benefit there was in them. If the provision for submission and agreement on the bills was a condition precedent, then it was intended that the defendant should enjoy the improvements without compensation to the plaintiff unless the condition was met. We cannot so construe the lease, and we hold the second undertaking to be a distinct and independent one. The main contract, by which the plaintiff furnished the improvements, and for which the defendant agreed to pay additional rental, was an executed contract. The second provision was executory, and its obligation was contingent upon the making of these improvements

and accrued thereupon. It furnished a method of computing the sum which the defendant became obligated to pay as increased rental after the additional improvements had been made.

The trial court regarded this case as analogous to that of *Liberman* v. *Beckwith,* 79 Conn. 317, 65 Atl. 153, but, for reasons which we think sufficiently appear in what we have said, the analogy does not hold.

In *First Ecclesiastical Soc.* v. *Besse,* 98 Conn. 616, 119 Atl. 903, the parties made an agreement for an exchange of properties, and that agreement was performed. It was further agreed that the defendant should pay the plaintiff a sum of money equivalent to the benefit he should receive from the transaction. The exact amount was not fixed, but was to be agreed upon by the parties within ninety days, failing which, arbitration was to be resorted to. No agreement was reached by the parties, the arbitration came to nought, and the plaintiff brought suit to recover the equivalent which the defendant had agreed to pay. It thus appears that the agreement was in legal effect identical to the case we are considering. There was, first, a covenant to pay, and second, a covenant to agree upon what the exact amount of the payment should be. We said in that case (pp. 623, 624): "The defendant became bound to pay an amount of money for the exchange of lands. . . . What the amount would be was to be determined by agreement of the parties after the contract [of exchange] had been performed. . . . The 'covenant to pay' is absolute. . . . It appears that his liability to pay was fixed upon him . . . when he received and began to enjoy the benefits of the transaction. If the contract had provided merely that the defendant should pay a price to be agreed on within ninety days after he took possession of the lands, . . . it might fairly be implied that the plaintiff must wait

ninety days for its pay, and then might sue for the amount agreed on, or in case of failure to agree within that time, might forthwith sue to recover whatever the benefits were reasonably worth." And we added: "If this stipulation should be construed to be a condition precedent to an action by the plaintiff, it [the plaintiff] would be at the mercy of the defendant, . . . for either good or bad reasons [the defendant] may block the proceedings indefinitely, while . . . [he] will continue to enjoy the benefits of the transaction."

We think this reasoning has clear and convincing application to the instant case. It rests upon sound principles and does equity. This defendant has had the benefit, for three years more or less, of certain improvements which the plaintiff made on the strength of the defendant's agreement to pay ten per cent. of the cost thereof by an increased rental. He has paid nothing therefor. His obligation to pay on account of such improvements as were contemplated by the lease, and in so far at least as he had the benefit of them which the parties contemplated, became absolute when those improvements were in fact made, and the parties having failed to agree upon the amount due, it can be determined by the court upon further hearing. It becomes unnecessary to consider the remaining reasons of appeal.

There is error and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.