## The Commercial Discount Company *vs.* The Town of Plainfield.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 6th—decided July 12th, 1935.

*Arthur T. Keefe,* with whom, on the brief, were *Harry E. Back* and *Joseph P. Smith,* for the appellant (defendant).

*Thomas J. Wall* and *Robert A. Wall,* with whom, on the brief, was *Thomas F. Wall,* for the appellee (plaintiff).

AVERY, J. This action was brought against the town of Plainfield by the plaintiff as assignee of Exseo Bellevance, seeking to recover the sum of $2550 which the plaintiff claimed had become due to Bellevance from the town by virtue of a road-building contract existing between them. The facts found by the trial court material to the determination of the questions of law involved in this appeal are as follows: On October 25th, 1932, the State, through its highway commissioner, entered into a written contract with the town of Plainfield, whereby the town undertook to build four certain roads, about five miles in all, for the State. Subsequently, the town entered into an oral agreement with Bellevance, by the terms of which he was to perform for the town its part of the contract, in return for which the town agreed to pay him the amount it received from the State. Bellevance thereupon entered upon the performance of the work and from time to time as the town received payments from the State, it paid the same over to him. About January 23d, 1933, Bellevance owed the plaintiff an amount of money and the plaintiff brought a civil action against him, attaching his property and garnisheeing the town. On January 23d, in order to secure the release of the attachment and garnishment, Bellevance assigned to the plaintiff $2550 of the amount due to him on the final payment under his contract with the town. This

assignment (appended in the footnote) was accepted by the town and the attachment and garnishment were released. Bellevance continued with the work until June 30th, 1933, when he notified the town that due to financial difficulties he was unable to pay his workmen, as a result of which they had refused to continue their labors, and that in view of the circumstances he could not go on with the work, and he thereupon ceased all further activities in connection therewith. At this time, the contract was substantially performed. Upon receiving such notice, the town completed the work at a cost of $963.44 in about four or five weeks. The entire amount of money to be paid by the State under the contract was $15,000. On July 10th, 1933, the town received from the State $1269.86

KNOW ALL MEN BY THESE PRESENTS:

That I, Exseo Bellevance, of the Town of Plainfield, County of Windham, and State of Connecticut, for a valuable consideration do hereby sell, assign, transfer, and set over to The Commercial Discount Company, of Torrington, Litchfield County, Connecticut, the sum of Twenty-five hundred and fifty dollars ($2550.00) of the amount to become due me on the final estimate and payment by virtue of a certain contract for road construction, now subsisting between me and the Town of Plainfield in Windham County, Connecticut; to have and to hold the same to the said Commercial Discount Company with full power and authorization to collect said sum which may become due on said final estimate and payment in my name and as attorney hereunto duly authorized to its own use, and to give a receipt therefor in full discharge pro tanto in my name.

In witness whereof, I have hereunto set my hand and seal at Plainfield in the County of Windham and State of Connecticut this 23rd day of January, 1933.

Exseo Bellevance,
January 23, 1933,                    Town of Plainfield,
County of Windham,
State of Connecticut.

The above assignment and order on money due or to become due Exseo Bellevance is hereby accepted for and in behalf of the Town of Plainfield.

Henry J. Bissette,
First Selectman Town of Plainfield.

as part payment and on August 23d, 1933, it received as final payment the sum of $2853.70, none of which was ever paid to Bellevance or to the plaintiff. These two items completed the payment by the State to the town of $15,000. After the town had received these last two items, it paid to itself $963.44, the amount expended in completion of the work, and has had on hand since August 23d the balance, $3160.12. The trial court has found that there was no evidence that any person other than Bellevance and the plaintiff made any claim to any part of this money; the appellant attacks this finding. It is true that before the beginning of the trial the attorney for the town stated that there were claims amounting to some $5000 or $6000 against it on account of Bellevance's default; but the trial court might reasonably construe that statement as being a claim made on the part of the town and not as a fact stipulated by the parties to be true; and the finding must stand.

Upon the trial, the defendant claimed that Bellevance wilfully failed to complete his contract and never became entitled to the last payment provided for therein, and consequently the plaintiff, as assignee, was not entitled to any part thereof. The theory of the plaintiff, on the other hand, was that there had been a substantial performance of the contract by Bellevance. The contract between the town and the State provided that compensation should be paid on the basis of unit prices for the work performed, covering some five miles of highway, which involved the grading and improvement of that amount of road at a total expense of $15,000. At the time when Bellevance discontinued work, the contract had been so far completed that the town was able to finish it at an expenditure of $963.44 in a few weeks' time. Moreover, the failure of Bellevance to complete the work

was caused by inability to obtain funds and was not wilful. Under the circumstances, the trial court correctly concluded that there had been a substantial performance of the contract by Bellevance, and that he was entitled to recover; the amount of his recovery being the contract price less the cost to the town for completing the work ($963.44), less payments already made. *Pinches* v. *Swedish Evangelical Lutheran Church,* 55 Conn. 183, 187, 10 Atl. 264; *Daly & Sons* v. *New Haven Hotel Co.,* 91 Conn. 280, 287, 99 Atl. 853.

The other claims of the defendant may be grouped as follows: (a) That by the terms of the assignment, nothing would be due to the plaintiff until all other claims made against the funds in the hands of the town had been satisfied; (b) that the cause should be ordered repleaded and the defendant placed in the position of a stakeholder in an action of interpleader; and (c) that Bellevance was a necessary party to the action. The acceptance of the assignment by the town fixed the rights of the plaintiff as of the date of the acceptance, and left open to the town upon the trial the opportunity to show that claims having priority to the plaintiff's assignment had reduced the sum held by it as assignable property of Bellevance. No such evidence was presented. The work having been completed and the money having been paid over by the State, Bellevance and the plaintiff, as his assignee, were entitled to any balance held by the town, and it was incumbent upon it, if other claims had been presented of equal or greater priority than that of the plaintiff, to allege and prove that fact. In the absence of such proof, the trial court properly gave judgment in favor of the plaintiff. This disposes also of the second contention of the appellant. The basis for an action of interpleader is the existence of conflicting

claims to property in the hands of a stakeholder. In the absence of evidence of conflicting claims, no basis for an interpleader action exists. General Statutes, § 5911; *Grand Lodge* v. *Burns,* 84 Conn. 356, 363, 10 Atl. 157.

The plaintiff was assignee of a portion of the funds remaining in the hands of the town on Bellevance's contract. The assignment had been accepted by the obligor. Under such circumstances, the plaintiff, as such assignee, could sue in his own name without joining Bellevance as a party. *Richmond* v. *Parker,* 53 Mass. (12 Met.) 48, 53; 5 C. J. 999; and see Amer. Law Institute Restatement, Contracts, Vol. I, § 156. While it may be that had proper steps been taken by the defendant, the action should not have proceeded in the absence of Bellevance as a party, the case as it was tried was one in which the amount of the indebtedness of the town to Bellevance could be fully litigated, and by going to trial without objecting to the absence of Bellevance as a party the defendant waived any such defect. *King* v. *Malone,* 91 Conn. 342, 345, 99 Atl. 691; *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 614, 174 Atl. 169. The only contractual obligation of the defendant to Bellevance was to pay him the amount it received from the State; under its contract with the State payments were not due to it except upon estimate and acceptance of the work; there was no occasion for any such "estimate" as between Bellevance and the town; and the provision in the assignment as to the amount becoming due Bellevance "on the final estimate and payment" had reference to estimate and payment under the contract between the defendant and the State. The work was completed, the full contract price had been paid over by the State to the town, and the balance was held by it. After deducting from the funds in its possession the

cost of completing the work, the balance remaining belonged to Bellevance. No further computation was required to ascertain the amount due to him. The plaintiff, with respect to the amount of the debt assigned to him, stands in the same position as Bellevance with the right to proceed at once.

There is no error.

In this opinion the other judges concurred.