FRANK SATTA *v.* PIETRO BUONO.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 4—decided July 25, 1940.

*William F. Tammany* and *Samuel R. Sallick,* for the appellant (defendant).

*John Keogh, Jr.,* with whom, on the brief, was *Nehemiah Candee,* for the appellee (plaintiff).

ELLS, J. The trial court's finding with one correction we have made in order to complete the narrative, is that on or about February 10, 1933, the plaintiff, a general contractor, and the defendant entered into an oral building contract for the construction of a house for $2224.30. The plaintiff agreed to furnish all the labor and materials, employing subcontractors where necessary, and to assist the defendant in securing a mortgage to provide funds for the work. The plaintiff was to pay $1574.30 to the subcontractors for material and labor, and retain $500 for his own carpentry work and $150 for drawing the plans, interviewing subcontractors and securing estimates, and for his services in assisting in the financing. On or about November 10, 1934, attempts to negotiate a loan having failed, and the defendant having purchased secondhand lumber to take the place of the new material originally contemplated, the defendant requested the plaintiff to commence the work of constructing the

house upon the agreement that the sum of $650 was to be paid him for his part of the work as originally discussed. The plaintiff proceeded with the work but was wrongfully discharged before it was completed.

The defendant contends that the evidence, as a matter of law, does not justify a finding of contract entered into on or about February 10, 1933. The claim is well founded. The agreement never became effective. It was contingent upon the procuring of a mortgage, and it was so stated and agreed. This, however, is not fatal to the plaintiff's ultimate claim. There was evidence which justified the court in finding that after the parties became satisfied it was not possible to procure a loan the defendant bought second-hand lumber, a conference was held, and it was agreed that the plaintiff was to proceed with the carpentry work and receive $650 for it and for the services he had already rendered. The defendant's second contention is that the agreement of February 10, 1933, was for carpentry work to be done by the plaintiff and an assistant at a daily wage. Upon conflicting evidence, the court found to the contrary and we cannot say it was incorrect in its conclusion. Before the plaintiff began the carpentry work he took out a building permit in his own name, showed it to the defendant, and read it to him. The plaintiff himself paid his helper, out of money paid him by the defendant. Just prior to suit the defendant's counsel wrote a letter to the plaintiff containing demands quite inconsistent with the claims made at the trial.

We conclude that the evidence justified the court's finding that it was agreed that the sum of $650 was to be paid the plaintiff for his part of the work.

The final contention is that the court erred in its computation of damages. It awarded damages on the

basis of a completed job, whereas it found that it cost $110 to finish the carpentry work. The correct rule of damages is the contract price less the cost to the defendant for completing the work, and payments already made. *Commercial Discount Co.* v. *Plainfield,* 120 Conn. 274, 278, 180 Atl. 381; *Daly & Sons* v. *New Haven Hotel Co.,* 91 Conn. 280, 287, 99 Atl. 853. The plaintiff concedes that this is the general rule, but contends that when a contract includes only the personal services of the plaintiff the rule is different and cites *Viall* v. *Lionel Mfg. Co.,* 92 Conn. 341, 344, 102 Atl. 709, and *Krawitz* v. *Ganzke,* 114 Conn. 662, 159 Atl. 897. These are typical of a line of cases holding that in a contract of hire for purely personal services the plaintiff is prima facie entitled to recover his salary for the balance of the agreed time of employment, and is not bound to offer evidence that he had sought other employment. They are not in point. The finding upon which the judgment is based is that the contract was for something more than personal services, among other things one for the employment of assistants. The facts of this case take it out of the purview of the claimed rule of damages.

The trial court awarded damages on the basis of the agreed $650 plus an item of $69.30 for extra work and sundry matters supported by conflicting evidence, less $292.50 paid on account, a total of $426.80, plus interest. One hundred and ten dollars, as nearly as is found, was the cost of completing the carpentry work. This should have been deducted. It is within the scope of the pleadings and the claims of law. The assignments of error concerning evidence are not presented in the brief, and do not merit consideration.

There is error in the amount of damages only, and the case is remanded with direction to render judg-

ment for the amount found by the trial court, less
$110, plus interest which has since accrued.

In this opinion the other judges concurred.