LOUIS BRUNI *v.* BENJAMIN BEHNKE

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued December 5—decided December 27, 1956

*Alexander Winnick,* for the appellant (plaintiff).

*George R. Tiernan,* for the appellee (defendant).

WYNNE, J. In this action the plaintiff sought to recover for work done for the defendant and materials furnished to him. The complaint was in two counts. The first count alleged that on April 22, 1951, the parties entered into a written contract in the amount of $535. Under the terms thereof, the plaintiff undertook to build a fireplace with a double

flue in a house owned by the defendant in Woodbridge and to construct a stone veneer on the front of the house. The second count alleged that the plaintiff furnished materials to the defendant over and above the contract. Judgment was rendered for the defendant on the first count and on a counterclaim filed thereon, and the plaintiff has appealed. Judgment for the plaintiff on the second count, based on quantum meruit in the sum of $43.80, is not the subject of appeal.

Briefly stated, the facts are as follows: Under a written contract, the plaintiff built a fireplace and did other masonry for the defendant. The price fixed in the contract was $535, and the plaintiff was paid $200 on account. When the job was nearly finished, the defendant was dissatisfied. He entered into a contract with another contractor and paid him $350 to tear down some of the plaintiff's construction and then to rebuild it and complete the job to the satisfaction of the defendant. The plaintiff had refused to do the work over and stood upon his contract and the claim that the work he had done was proper.

So it appears that the defendant got what he wanted for a total expenditure of $550. The trial court's finding that the plaintiff did not substantially perform the terms of his contract must be read in connection with the fact that the defendant paid $350 to another contractor to tear down some of the plaintiff's construction and rebuild it to the defendant's satisfaction. In short, the defendant paid, for a completed job, only $15 more than the plaintiff's contract called for.

It is the rule of damages that the reasonable value for which recovery may be had in a suit based on substantial performance of a building contract is

to be ascertained with reference to the contract price and by deducting from that price such sum as ought to be allowed for the omissions and variations. *M. J. Daly & Sons, Inc.* v. *New Haven Hotel Co.,* 91 Conn. 280, 287, 99 A. 853. If, as in the present case, the sum of what was paid by the owner under the contract and what ought to be allowed for the omissions and variations exceeds the contract price, the owner is entitled to recover from the contractor the amount of the excess. It was therefore error for the court to award the defendant more than $15 on his counterclaim.

There is error only in the amount of damages awarded the defendant on the counterclaim; the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified in accordance with this opinion.

In this opinion the other judges concurred.