FRANK E. STRIMISKA v. JOSEPH F. YATES ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued March 5—decided April 15, 1969

*Melvin J. Silverman,* with whom, on the brief, was *Max R. Lepofsky,* for the appellant (defendant Kavanewsky).

*Richard Greenwald,* with whom, on the brief, was *Frank W. Murphy,* for the appellee (plaintiff).

Thim, J. The defendant has appealed from a judgment which was rendered by a state referee and which awarded the plaintiff the entire unpaid balance of the contract price. Although the judgment was rendered against two defendants, only one de-

fendant has taken this appeal. He claims that a material variance exists between the pleadings and the finding, that the finding fails to reveal the occurrence of a claimed condition precedent and, finally, that the plaintiff was not entitled to recover as damages the entire unpaid balance of the contract price.

The defendant has failed to pursue in his brief a number of assignments of error including certain attacks on the finding. These assignments of error are treated as abandoned. *Martin* v. *Kavanewsky,* 157 Conn. 514, 516, 255 A.2d 619; *Katz* v. *Brandon,* 156 Conn. 521, 524, 245 A.2d 579; *State* v. *Kohlfuss,* 152 Conn. 625, 635, 211 A.2d 143.

On June 10, 1955, the plaintiff and the defendants entered into a written agreement which provided that the plaintiff would furnish the labor, materials and equipment necessary to construct all roads and drains in a certain residential development owned by the defendants and situated in the town of New Canaan. In the agreement, the plaintiff promised to perform all of his work in a substantial, workmanlike manner and to comply with the requirements and specifications of the planning commission and the town engineer, so that the roads would be accepted by the town of New Canaan as public streets. The plaintiff promised to commence work immediately and to complete the job, including all extras, on or before September 15, 1955. He agreed to pay $25 a day as liquidated damages for so long as the work remained unfinished after September 15, 1955. In consideration for the plaintiff's promises, the defendants promised to pay the plaintiff $15,400.

The plaintiff commenced work in the late spring of 1955, and, during the remainder of that year, he cleared and excavated the road sites and filled them with gravel in accordance with the standards pre-

vailing in the locality. On April 26, 1956, the parties executed a second written agreement, which provided, among other things, that the completion date of the first agreement would be deferred until June 1, 1956. This second agreement did not contain a provision for liquidated damages.

During the spring of 1956, the defendants had two water mains installed underneath the roads which were being developed by the plaintiff. Lateral lines, for conducting water from the main lines to each of the house lots, were also installed. Following the installation of the water mains and the lateral lines, the plaintiff returned to the job, and, after discovering that some of his work had been destroyed, he repaired the damage as an extra. Thereafter, the plaintiff completed the hardtop surfacing and remedied some deficiencies in his work which had been noted by the town engineer.

At about this time, the parties orally modified their original contract, agreeing that, with respect to two building lots, the plaintiff would instal approximately one-half of the drainage pipe which had previously been agreed upon. The lesser length of drainage pipe which would be installed, however, was to be laid in a more expensive and desirable manner than had been required by the original agreement.

The defendants offered evidence to establish that they had hired another contractor to work on their property; nevertheless, they failed to prove that this contractor did any work which should have been performed by the plaintiff. The referee concluded that the plaintiff had performed all of the work required by the agreement as altered and that the defendants failed to prove that they incurred any expense to complete or remedy the plaintiff's

performance. The referee, therefore, awarded the plaintiff the sum of $5600, which was the entire unpaid balance of the contract price.

The defendant's principal claim on this appeal is that a material variance exists between the facts as found by the referee and those alleged in the complaint. The defendant, therefore, urges that the judgment should be reversed because the plaintiff did not prove the material facts as he alleged them in his complaint. We do not agree with this claim for reasons hereinafter stated.

In his complaint, the plaintiff alleged that he completed performance of the written contract of June 10, 1955. At the hearing, however, the plaintiff testified that the written contract of June 10, 1955, had been orally modified with respect to the length and quality of drainage pipe for two building lots. There was no mention in the complaint of this oral modification of the contract, and the plaintiff did not attempt to amend his complaint so that it would conform with his proof. Despite the plaintiff's failure to amend his complaint, the referee found that he had performed all of the work required by the agreement as altered.

A variance is a departure of the proof from the facts as alleged. Not every variance, however, is a fatal one since immaterial variances are disregarded under our practice. Practice Book § 134; *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 64, 221 A.2d 263; *Bridgeport Hardware Mfg. Corporation* v. *Bouniol,* 89 Conn. 254, 258, 93 A. 674; see also Practice Book § 150. Only material variances, those which disclose a departure from the allegations in some matter essential to the charge or claim, warrant the reversal of a judgment. *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 552, 115 A.2d 460; *Bridgeport*

*Hardware Mfg. Corporation* v. *Bouniol,* supra; *Maguire* v. *Kiesel,* 86 Conn. 453, 457, 85 A. 689.

An immaterial variance is one in which the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled as to the charge he is required to meet or prejudiced in maintaining his defense on the merits of the case. *Schaller* v. *Roadside Inn, Inc.,* supra, 65; *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 643, 153 A.2d 826; *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599, 136 A.2d 338; *Reciprocal Exchange* v. *Altherm, Inc.,* supra, 552; *Rose* v. *Van Bosch,* 119 Conn. 514, 519, 177 A. 565. Ordinarily, an otherwise valid judgment will not be invalidated if a variance does not change the theory of the cause of action and the complaining party, at all times, was in a position to know the true state of facts. *Schaller* v. *Roadside Inn, Inc.,* supra.

Although the plaintiff presented evidence which differed somewhat from the allegations of his complaint, the variance was an immaterial one. The oral modification of the contract involved the elimination of 300 feet of drainage pipe with respect to two building lots and the installation of a lesser amount of pipe in a more expensive manner. The defendant was a party to this oral modification, and he was certainly in a position to know of it. The modification did not alter the nature or terms of the original contract in any material degree. We cannot say that the defendant was prejudiced in maintaining his defense on the merits, or that he was surprised by the plaintiff's proof, or that he was misled by the allegations in the complaint. For these reasons, the variance was not a material one; *Mazziotti* v. *DiMartino,* 103 Conn. 491, 495, 130 A. 844; *Bridgeport Hardware Mfg. Corporation* v. *Bouniol,* supra,

257, 258; and the referee did not commit error in finding that the plaintiff completed performance of the contract as altered.

We do not mean by this, however, that a party can recover on a cause of action which has not been pleaded. It is still the law that the right of a plaintiff to recover is limited by the allegations of the complaint. *Willametz* v. *Guida-Seibert Dairy Co.*, 157 Conn. 295, 302, 254 A.2d 473; *Malone* v. *Steinberg*, 138 Conn. 718, 721, 89 A.2d 213; *Schaller* v. *Roadside Inn, Inc.*, supra, 65; *Buol Machine Co.* v. *Buckens*, supra, 642; *Levy* v. *Carter Rice & Co.*, 136 Conn. 216, 221, 70 A.2d 147; *Ives* v. *Goshen*, 63 Conn. 79, 82, 26 A. 845. Whenever a disparity between the allegations and the evidence develops, counsel should move to amend the pleadings so that they conform with the evidence. Such an amendment would obviate the possibility of a judgment being reversed owing to the existence of a material variance.

The defendant's second claim is that the judgment must be reversed because there is no finding that the roads were accepted by the town as public streets. It is the defendant's position that the acceptance of the roads as public streets was a condition precedent to the plaintiff's recovery on the contract and that, absent a finding that the roads were accepted, the plaintiff cannot recover. We do not agree with this claim for two reasons.

Although the contract of June, 1955, provided that the roads were to be completely satisfactory to the town engineer and planning commission so that they would "be accepted by the Town of New Canaan as public streets or highways," this provision was not a condition precedent.

Whether a provision in a contract is a condition

precedent to a right of recovery depends on the intent of the parties as evidenced by their agreement. *McIsaac* v. *Hale,* 104 Conn. 374, 379, 132 A. 916. According to the terms of the contract, the defendant was to pay the plaintiff in five instalments, four of which were to become due before the roads would be accepted by the town. These instalment-payment provisions make it clear that the acceptance of the roads by the town was not a condition precedent but rather a distinct and independent promise. *McIsaac* v. *Hale,* supra.

It is not necessary, as the defendant claims, that the finding specifically reveal that the roads were accepted by the town. That the roads were accepted is implicit in the referee's finding that the plaintiff performed all of the work which was required by the contract as altered. Furthermore, the defendant admitted at the hearing that the roads were accepted by the town as public streets.

Finally, the defendant claims that the plaintiff should not have received the entire unpaid balance of the contract price because he did not fully perform the contract. In his complaint, the plaintiff alleged that he had completed performance of the contract. The defendant denied performance and, as a special defense, alleged that his cost of completing the work which should have been performed by the plaintiff exceeded the unpaid balance of the contract price.

The referee found that the plaintiff performed all of the work required by the contract as altered in a substantial and workmanlike manner. Moreover, the referee found that the defendant failed to prove that he incurred any expense to complete the work which he alleged had been left unperformed by the plaintiff.

Upon the basis of these findings, the plaintiff is entitled to recover the entire unpaid balance of the contract price because he completed performance of the contract and the defendant failed to prove that he suffered any loss owing to the plaintiff's allegedly deficient performance. *Bruni* v. *Behnke,* 144 Conn. 181, 182, 183, 128 A.2d 543; *Satta* v. *Buono,* 127 Conn. 75, 78, 14 A.2d 718; *Commercial Discount Co.* v. *Plainfield,* 120 Conn. 274, 278, 180 A. 311; *M. J. Daly & Sons, Inc.* v. *New Haven Hotel Co.,* 91 Conn. 280, 287, 99 A. 853. Hence, the referee did not commit error in awarding the plaintiff the entire unpaid balance of the contract price.

There is no error.

In this opinion the other judges concurred.