### ELSA MAYER *v.* JULES SILVER
### (2412)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued November 3, 1983—decision released January 10, 1984

*Sid M. Miller,* with whom, on the brief, was *A.A. Washton,* for the appellant (defendant).

*Vincent M. DeAngelo,* with whom were *Louis B. Blumenfeld* and, on the brief, *John F. Scully* and *Jeffrey C. Pingpank,* for the appellee (plaintiff).

---

PER CURIAM. The issues raised by the defendant on appeal[1] are (1) whether the court erred in concluding that the plaintiff was a holder or a holder in due course of a promissory note,[2] (2) whether the court erred in concluding that the plaintiff had loaned a specific sum to the defendant and (3) whether the court erred in awarding attorney's fees to the plaintiff.[3]

The plaintiff's complaint alleged that the plaintiff loaned $60,000 to the defendant in August of 1977, that in April of 1979, the defendant executed a note in favor of the plaintiffs, and that, although the plaintiff demanded payment, the defendant neglected or refused to pay the amount due. A copy of the note was attached to the complaint.[4] The defendant denied that the plaintiff had lent him money, but admitted that he had executed the note, and that it was genuine. By way of special defense, the defendant alleged that there was no consideration for the note.

The defendant claims, on appeal, that the complaint was treated as a cause of action by a holder of a promis-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The trial court held "alternatively" that the plaintiff was a holder in due course of a promissory note executed by the defendant. This was an alternative basis and not the primary basis for the court's judgment for the plaintiff. The issue is not considered on appeal because of that fact and because the decision of this court makes it unnecessary to review this claim of error.

[3] The defendant conceded that if the plaintiff is entitled to recover on the promissory note, she is entitled to attorney's fees, and further conceded in oral argument that if attorney's fees are recoverable, the sum awarded by the trial court was not excessive. The decision of this court makes it unnecessary to review this claim of error.

[4] The note provided:

"ON DEMAND, FOR VALUE RECEIVED, the undersigned hereby promises to pay to the order of ELSE MAYER at her home on Route 32, North Franklin, Connecticut, or at such other place which the Holder of this Note may designate in writing, the principal sum of SIXTY THOUSAND ($60,000.00) DOLLARS, with interest from August 25, 1977, at the rate of SIX PER CENTUM (6%) PER ANNUM on the unpaid balance of this Note, together with

sory note instead of as an action for money had and received. The trial was conducted by both parties as an action on a promissory note and not as an action for money had and received. The transcript is replete with statements of the defendant's counsel that the plaintiff brought suit on a note, with the defense being lack of consideration for the note.

The trial court found that the plaintiff lent the defendant $60,000 in August of 1977, that the plaintiff, as a holder of the note,[5] was entitled to recover on the note,[6] that the note of $60,000 was given in payment of an antecedent debt, negating any necessity for the plaintiff to prove consideration for the note,[7] and that the plaintiff was entitled to interest and attorney's fees as provided in the note. These findings and conclusions were supported by the evidence and comported with the theory of the case as tried. See *Falker* v. *Samperi,* 190 Conn. 412, 427, 461 A.2d 681 (1983).

The implications of the allegations of the complaint were that the plaintiff was the holder of the note, and that she did not specifically have to allege delivery, ownership or possession of the note. *Wright* v. *Brown,* 167 Conn. 464, 470–71, 356 A.2d 176 (1975). There was

---

all taxes levied on or assessed on said sum or on said Note, and all costs of collection, including reasonable attorney's fees incurred in any action brought to collect this Note, said principal and interest due and payable on April 21, 1980."

[5] " 'Holder' means a person who is in possession of a document of title or an instrument or a certificated investment security drawn, issued or endorsed to him or to his order or to bearer or in blank." General Statutes § 42a-1-201 (20).

[6] General Statutes § 42a-3-307 (2) provides: "When signatures are admitted . . . production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." Since the trial court concluded that no defense existed, it was not necessary under General Statutes § 42a-3-307 (3) for the plaintiff to establish that she was "in all respects a holder in due course."

[7] General Statutes § 42a-3-408 provides that no consideration is necessary for an instrument given in payment of an antecedent obligation.

no material variance between the allegations and the proof which would warrant a reversal. *Strimiska* v. *Yates,* 158 Conn. 179, 183, 257 A.2d 814 (1969). The defendant was not misled or prejudiced in the maintenance of his special defense, which was lack of consideration, and, therefore, any variance is immaterial. *Saphir* v. *Neustadt,* 177 Conn. 191, 208, 413 A.2d 843 (1979).

The trial court's conclusions were reasonable and were not clearly erroneous in light of the evidence and the pleadings in the record as a whole. *Kaplan* v. *Kaplan,* 186 Conn. 387, 391–92, 441 A.2d 629 (1982).

There is no error.