KAWASAKI KISEN KAISHA, LTD. *v.* INDOMAR, LTD., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 8—decision released July 12, 1977

---

[2] "This order does not apply . . . to the sales of products bearing the defendants' trademark within said store."

*Harold B. Stevens III,* for the appellant (defendant Maritime Chartering Services, Inc.).

*Stanley A. Twardy, Jr.,* for the appellee (plaintiff).

PER CURIAM. This is an appeal by the defendant Maritime Chartering Services, Inc., hereinafter referred to as Maritime, from a judgment on default of the Superior Court rendered on September 9, 1976, which provided that the plaintiff, Kawasaki Kisen Kaisha, Ltd., hereinafter referred to as Kawasaki, recover $585,605.30 from the named defendant, Indomar, Ltd., hereinafter referred to as Indomar, plus either 520 English pounds or the American monetary equivalent, plus interest. In addition, the judgment provided: "And Indomar, Ltd. and Maritime Chartering Services, Inc., their agents, assigns and employees are hereby commanded and strictly enjoined, under penalty of law, henceforth and until further order of the Superior Court, against the removal of *any monies, receipts or effects presently in the possession of Maritime Chartering Services, Inc.,* of Greenwich, except as ordered in this judgment." (Emphasis added.) It also commanded Maritime to disclose to the court all of such types of property "held by it that are

owned or may be claimed by the defendant, Indomar, Ltd.," and to turn over to the plaintiff all of such assets held by it up to the amount of the judgment.

The action brought by Kawasaki was predicated on a judgment in its favor against Indomar rendered by the High Court of Justice, Queen's Bench Division, Commercial Court in London, England. The complaint sought recovery on that judgment, alleging that Maritime had in its possession monies, receipts and other effects of Indomar and that unless enjoined Maritime might allow Indomar to remove "such" monies, receipts and effects. By way of specific relief, Kawasaki sought an injunction restraining the defendants from the removal of *"any monies, receipts or other effects of Indomar, Ltd., presently in possession of"* Maritime (emphasis added), as well as "such other equitable and/or legal relief" as the court might deem just and proper.

Maritime did not appear to answer the writ, summons and complaint and on its default the court rendered the judgment to which we have referred, enjoining Maritime not only from the removal of any assets of Indomar in its possession but from the removal of "any monies, receipts or effects presently in the possession of Maritime." Pointing out that this broad injunction, not limited to any property of Indomar in its possession but including any assets of Maritime itself, exceeded the relief sought by the plaintiff's complaint and went so far as to prohibit Maritime from using its own funds to pay its creditors and current operating expenses, Maritime moved that the judgment be opened and that the court modify it to limit the injunction to the removal of any assets of Indomar in the possession of Maritime. The court denied that motion.

On this appeal, Maritime has assigned and briefed as error claims that the trial court erred in rendering the judgment it did and in denying its motion to open and modify that judgment. It asserts that equitable relief should not have been granted since the plaintiff had an adequate remedy at law and that the equitable relief granted was not warranted by the allegations of the complaint and the relief claimed therein.

The effect of the entry of the default was to preclude Maritime from making any defense to the action. *Jacobson* v. *Robington,* 139 Conn. 532, 535, 95 A.2d 66. "As a general proposition a default admits the truth of the facts alleged, but not that the plaintiff is entitled to the relief asked for. *People* v. *Rust,* 292 Ill. 412, 415, 127 N.E. 69, 71; 3 Freeman, Judgments (5th Ed.) § 1282; 34 C.J. 174." *Felton* v. *Felton,* 123 Conn. 564, 567, 196 A. 791. We do not determine the validity of its present claim that Kawasaki had an adequate remedy at law and, therefore, should not have been granted any equitable relief whatsoever. It is obvious, however, that the relief granted by way of enjoining Maritime from the removal of any of its own monies, receipts and effects far exceeds the relief claimed in Kawasaki's complaint and any injunction should have been restricted to the relief claimed by Kawasaki and limited to the removal of any property of Indomar in the possession of Maritime.

"It is still the law that the right of a plaintiff to recover is limited by the allegations of the complaint"; *Strimiska* v. *Yates,* 158 Conn. 179, 185, 257 A.2d 814; and any judgment should conform to the pleadings, the issues and the prayers for relief. *Brill* v. *Ulrey,* 159 Conn. 371, 374, 269 A.2d 262; *Verraster* v. *Tynan,* 152 Conn. 645, 648, 211 A.2d

150. Clearly Kawasaki's claims for relief did not include any claim whatsoever to any property in the possession of Maritime other than property belonging to Indomar. We conclude that the court erred in enjoining Maritime from the removal of any of its own property and in denying Maritime's motion to open and to modify the judgment and to limit the removal injunction to the removal of property of Indomar which is in Maritime's possession.

There is error in part, the judgment is set aside insofar as it enjoins the defendant Maritime from the use and removal of any property in its possession other than property belonging to Indomar, and the case is remanded with direction that the judgment be modified accordingly.