BENJAMIN I. TEDESCO *v.* CITY OF STAMFORD ET AL.
(7322)

DUPONT, C. J., BORDEN and DALY, Js.

Argued June 7—decision released September 19, 1989

*James V. Minor,* assistant corporation counsel, with whom, on the brief, was *Mary E. Sommer,* corporation counsel, for the appellants-appellees (named defendant et al.).

*Christopher R. Bello,* with whom were *Thomas M. Cassone* and, on the brief, *Lawrence M. Lapine,* for the appellee-appellant (plaintiff).

BORDEN, J. The defendants[1] appeal from the judgment, after a trial to the court, awarding the plaintiff damages and attorney's fees under 42 U.S.C. § 1983.

---

[1] The first count of the complaint, which is subtitled "As to the Defendant City of Stamford," named as defendants the city of Stamford, the city's personnel appeals board and James Rosecrans, the cochairman of the personnel appeals board. The complaint did not allege that Rosecrans, in his individual capacity, violated the plaintiff's due process rights. " '[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.' *Monell* v. *New York Department of Social Services,* 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)." *Brandon* v. *Holt,* 469 U.S. 464, 472 n.21, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). Indeed, other than simply alleging that Rosecrans "is Co-Chairman of the Personnel Appeals Board of the City of Stamford," the complaint is bereft of any allegations of conduct by Rosecrans. We therefore view Rosecrans, the personnel appeals

In his cross appeal, the plaintiff claims that the trial court erred in its calculation of damages, and he further asserts that he is entitled to a new trial regarding damages if the defendants prevail on their appeal. The dispositive issue is whether the trial court erred in concluding that the plaintiff alleged and proved a cause of action under 42 U.S.C. § 1983, and in awarding damages and attorney's fees therefor. We find error on the appeal, and dismiss the cross appeal as moot.

The following facts were either found by the court or were not in dispute. The plaintiff was a trash collector employed in the sanitation department of the city of Stamford. His position was classified as "laborer I," which meant that his primary responsibility entailed removing trash from the street curb and placing it in the truck. By virtue of his seniority and his holding a class II driver's license, the plaintiff occasionally drove the truck when one of the regular drivers was unavailable. On September 11, 1980, while in the performance of his duties, the plaintiff sustained a torn rotator cuff in his right shoulder. On January 30, 1981, after an unsuccessful course of nonsurgical treatment, the plaintiff underwent surgery. The plaintiff did not return to work after his injury, although he remained on the city payroll and received his full salary. When the arm failed to improve significantly, the plaintiff underwent a second operation, on November 30, 1981. On that same day, the city sent the plaintiff notice that his employment was terminated.

---

board, and the city to be subsumed as defendants under the blanket concept of "the city"; id., 472; and we refer to them collectively as the city.

The second count of the complaint alleged that the Teamsters Local Union No. 145 was liable for refusing to prosecute the plaintiff's grievance before the Connecticut board of mediation and arbitration. The third count was directed at both the city and the union. Both the second and third counts were dismissed by the trial court, and their dismissal has not been challenged on appeal. Thus, only the judgment on the first count is before us on this appeal, and the union has no further interest in this case.

On December 7, 1981, the plaintiff filed a grievance with the Teamsters Local Union No. 145 (union). On December 12, 1981, the plaintiff's union representatives met with the city officials responsible for terminating the plaintiff, in order to discuss the plaintiff's grievance. The plaintiff's grievance was denied. Thereafter, the union refused to pursue the plaintiff's grievance before the Connecticut board of mediation and arbitration because, in the union's view, the plaintiff's case was too weak. The plaintiff made numerous attempts to secure a hearing with the city regarding his discharge, pursuant to the employment appeals provision of the city charter, § 740.1.[2] All of his requests were denied.

The plaintiff brought the present action by a complaint dated August 31, 1982. A jury trial was commenced April 21, 1988. On the basis of legal arguments made to the court between April 21 and April 29, the court dismissed the jury and tried only the first count against the city of Stamford. During that first trial, the court ruled that the complaint stated a cause of action under 42 U.S.C. § 1983. That trial ended in a mistrial. After the first trial, the city moved for summary judgment, claiming, inter alia, that the plaintiff had no cause of action against the city under 42 U.S.C. § 1983 for substantive and procedural reasons.

---

[2] Section 740.1 of the Stamford city charter provides: "Wherever used in this Chapter, the word 'employee' shall mean all employees and officers of the City of Stamford, except elected officials and those persons appointed by the Mayor to serve at his pleasure. Any municipal employee may be suspended, demoted in rank or grade or discharged by the appropriate superior upon written notice specifically setting forth reasons. Notice in writing of such action shall be reported to the Personnel Director immediately. If such municipal employee intends to appeal the action, he shall notify, in writing, the Personnel Director and the Personnel Appeals Board of his intention within five working days of the date of such suspension or demotion. Within a reasonable time, which shall not exceed thirty (30) days of receipt of notification, the Board shall hold a hearing at which the employee may be represented by counsel. Said hearings shall be open or closed at the option of the employee."

The court denied the city's motion for summary judgment, and a second court trial commenced July 14, 1988. The court again tried only the first count against the city of Stamford. During the course of that trial, the court dismissed the second and third counts of the complaint. See footnote 1, supra. The court, in oral decisions from the bench and in a subsequent written memorandum of decision, found that the city deprived the plaintiff of his constitutionally protected expectation to continued employment without affording him sufficient due process. The court rendered a judgment against the city, the personnel appeals board and James Rosecrans, awarding the plaintiff compensatory damages and attorney's fees. See footnote 1, supra. The city appealed.

The city claims that the trial court erred in concluding that the first count of the amended complaint stated a cause of action against the city under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and in awarding damages and attorney's fees pursuant to that cause of action. We agree.

The first count of the plaintiff's original complaint[3] alleged that the city deprived the plaintiff of his rights to due process when it terminated his employment without permitting the plaintiff to appeal his termination to the city's personnel appeals board. Specifically, in paragraphs eight and nine of the first count, the plaintiff quoted the sections of the city charter that set forth the appeal procedure, and in paragraph ten the plaintiff stated that the city's personnel appeals board "refused to grant the Plaintiff a hearing under Section 740.1 despite the Plaintiff's requests. " See footnote 2, supra. In paragraph twelve, the plaintiff alleged that "the Personnel Appeals Board's decision and

[3] This count of the original complaint was not altered despite subsequent amendments and additions to other portions of the complaint.

action, in failing to hear the Plaintiff's appeal, in failing to exercise its jurisdiction, and in failing to afford the Plaintiff a hearing . . . denies the Plaintiff his rights as an employee of the City of Stamford; it is in violation of the established employment practices of the City and it denies the Plaintiff due process of law, equal protection of the laws [and] violates Plaintiff's rights under the United States Constitution, the Constitution of the State of Connecticut, the Charter of the City of Stamford [and] federal and state law . . . ."

"To state a claim under section 1983, the complaint must allege that the defendant deprived plaintiff of a right secured by the Constitution or laws of the United States and that such deprivation was committed by persons acting under color of state law. *Gomez* v. *Toledo,* 446 U.S. 615, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980) . . . . Where, as here, the right alleged to have been denied is protected by the fourteenth amendment, the plaintiffs must establish that the deprivation was without due process of law. *Gendalia* v. *Gioffre,* 606 F. Sup. 363, 366 (S.D.N.Y. 1985)." (Citation omitted.) *Costello* v. *Fairfield,* 811 F.2d 782, 784 (2d Cir. 1987). Moreover, in order to state a § 1983 claim against a municipality, the complaint must allege that the deprivation occurred through the operation of " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' *Monell* v. *New York City Dept. of Social Services,* 436 U.S. 658, 690 [98 S. Ct. 2018, 56 L. Ed. 2d 611] (1978)." *St. Louis* v. *Praprotnik,* 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988). Under *Monell,* § 1983 also authorizes suit " 'for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.' [*Monell* v. *New York City Dept. of Social Services,* supra] 690–91." *St. Louis* v. *Praprotnik,* supra.

Thus, in order to have stated a valid cause of action under 42 U.S.C. § 1983, the plaintiff's complaint must have alleged facts to support each essential element of his § 1983 cause of action. See *Burns* v. *Koellmer,* 11 Conn. App. 375, 381–85, 527 A.2d 1210 (1987). "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations in his complaint. *Kowasaki Kisen Kaisha, Ltd.* v. *Indomar, Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977) . . . . 'Facts found but not averred cannot be made the basis for a recovery.' *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213 (1952)." (Citations omitted.) *Francis* v. *Hollauer,* 1 Conn. App. 693, 695, 475 A.2d 326 (1984); *Seymour Housing Authority Tenants Assn.* v. *Housing Authority,* 18 Conn. App. 393, 404 n.10, 558 A.2d 1002 (1989). Upon examining the complaint, we conclude that it does not state a cause of action under § 1983.

The complaint cannot be read to support a § 1983 cause of action because it failed even to imply, let alone affirmatively allege, that any deprivation that occurred was attributable to the operation of a municipal governmental policy, ordinance, regulation, or officially adopted and promulgated decision. See *Monell* v. *New York City Department of Social Services,* supra, 690. Indeed, the complaint alleges precisely the opposite, namely, that the city charter *secured* the plaintiff the right to an appeal process, but that city officials in this particular instance refused him access to that process "in violation of the established employment practices of the City . . . . "

We note further that the complaint is devoid of facts that would support a "custom" theory and that the allegation in the complaint of a single act by the personnel appeals board in refusing to hear the plaintiff's appeal will not suffice to prove that such an action was customary for that body. *Appletree* v. *Hartford,* 555

F. Sup. 224, 228–29 (D. Conn. 1983); *Rivera* v. *Farrell,* 538 F. Sup. 291, 297 n.10 (N.D. Ill. 1982).

The only issues raised in the plaintiff's cross appeal concern the trial court's failure to calculate properly the compensatory damages awarded the plaintiff under his § 1983 cause of action. Because we find that the complaint did not state a cause of action under that statute and that the trial court erred in awarding damages based on that cause of action, the plaintiff's claims of error regarding a deficiency in that damage award are moot.

There is error on the appeal, the judgment is set aside as to the first count and the case is remanded with direction to render judgment for the defendants, the city of Stamford, the personnel appeals board of the city of Stamford, and James Rosecrans, on the first count of the complaint. The cross appeal is dismissed as moot.

In this opinion the other judges concurred.