BENJAMIN I. TEDESCO v. CITY OF STAMFORD ET AL.
(13813)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued April 10—decision released June 26, 1990

*Christopher R. Bello,* with whom were *Robert S. Bello* and, on the brief, *Lawrence M. Lapine* and *Thomas M. Cassone,* for the appellant (plaintiff).

*James V. Minor,* assistant corporation counsel, with whom, on the brief, was *Mary E. Sommer,* for the appellees (named defendant et al.).

SHEA, J. The plaintiff, Benjamin Tedesco, brought a complaint that included a 42 U.S.C. § 1983[1] claim for damages against the defendant,[2] the city of Stamford,

---

[1] Title 42 of the United States Code, § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

[2] The first count of the plaintiff's complaint, which is subtitled "As to the Defendant City of Stamford," named as defendants the city of Stamford, the city's personnel appeals board (board) and James Rosecrans, the cochairman of the board. The Appellate Court viewed each of these defendants to be subsumed as defendants under the blanket concept of the "city"

for violation of the plaintiff's procedural due process rights in terminating him from his employment. The trial court found in favor of the plaintiff and awarded him damages and attorney's fees pursuant to § 1983. The defendant appealed the judgment to the Appellate Court, claiming that the trial court erred in concluding that the plaintiff's amended complaint stated a cause of action under § 1983. The Appellate Court, in *Tedesco* v. *Stamford,* 20 Conn. App. 51, 563 A.2d 1046 (1989), held that the complaint did not support a § 1983 cause of action because it failed to allege that any deprivation that had occurred was attributable to a municipal governmental policy and, therefore, ordered the judgment to be set aside and the case remanded with direction to render judgment for the defendant. We granted certification limited to the issue of whether "the Appellate Court erred in setting aside the judgment for the plaintiff and in directing judgment for the defendants because the complaint failed to allege that the violation of his constitutional right relied upon was attributable to the operation of a municipal government policy, ordinance, regulation or officially adopted and promulgated decision." We reverse the judgment of the Appellate Court, and remand the case for further proceedings.

Although the facts are sufficiently stated in the Appellate Court's opinion, we will summarize those facts pertinent to the disposition of this appeal. On September 11, 1980, while working as a "Laborer 1" in the sanitation department of the city of Stamford, the plaintiff suffered a torn rotator cuff injury to his right shoulder and underwent two surgical operations. While

because the plaintiff's complaint failed to allege that Rosecrans, in his individual capacity, had violated the plaintiff's due process rights. *Tedesco* v. *Stamford,* 20 Conn. App. 51, 52 n.1, 563 A.2d 1046 (1989). We, therefore, will follow the Appellate Court and consider all these defendants as falling under the concept "city."

recovering from the second operation, the plaintiff was notified by the city of Stamford that his employment was terminated. On December 7, 1981, the plaintiff filed a grievance with the Teamsters Local Union No. 145 (union). City officials and members of the union, representing the plaintiff's interests, held meetings on December 7 and 10, 1981, to discuss the plaintiff's grievance. At both meetings, the city officials denied the plaintiff any relief. Dominic Lamberti, temporary business agent of the union, was among those present at the meetings, and he represented the plaintiff's interest. Lamberti recommended to the union that it not pursue the plaintiff's grievance to the Connecticut board of mediation and arbitration because it was his opinion that the plaintiff would not be successful.

Thereafter, the plaintiff, through private counsel, made a number of attempts to arrange a hearing with the city regarding his discharge. The city denied the plaintiff's request on the ground that the union was the exclusive bargaining agent for the plaintiff. On January 19, 1982, the plaintiff, pursuant to § 740.1[3] of the charter of the city of Stamford, sent a written appeal to the Stamford director of personnel, requesting a hearing before the personnel appeals board (board). The plaintiff's request was denied.

[3] Section 740.1 of the Stamford city charter provides: "Wherever used in this Chapter, the word 'employee' shall mean all employees and officers of the City of Stamford, except elected officials and those persons appointed by the Mayor to serve at his pleasure. Any municipal employee may be suspended, demoted in rank or grade or discharged by the appropriate superior upon written notice specifically setting forth reasons. Notice in writing of such action shall be reported to the Personnel Director immediately. If such municipal employee intends to appeal the action, he shall notify, in writing, the Personnel Director and the Personnel Appeals Board of his intention within five working days of the date of such suspension or demotion. Within a reasonable time, which shall not exceed thirty (30) days of receipt of notification, the Board shall hold a hearing at which the employee may be represented by counsel. Said hearings shall be open or closed at the option of the employee."

The plaintiff brought the present action against the city of Stamford and the union by a complaint dated August 31, 1982. The first count of the amended complaint was directed against the city for the alleged failure of the board to afford the plaintiff a hearing.[4] On January 21, 1987, the union filed a motion to stay the proceedings to allow the union and the city to arbitrate the plaintiff's grievance before the board of mediation and arbitration, which the trial court, *Lewis, J.*, granted on January 26, 1987.[5] Following a hearing on May 14, 1987, the board of mediation and arbitration issued its award, which converted the plaintiff's termination to a suspension without pay and ordered the plaintiff to be reinstated to the position of a laborer "on the condition that prior to his reinstatement he be examined by a mutually agreed upon physician who certifies that the grievant is physically able to perform the job." Prior to trial in the present case, in a separate proceeding, the union sought to confirm the arbitration award, but the trial court, *Cioffi, J.*, denied the motion on the ground that the arbitration proceeding was untimely.

The jury was sworn and evidence began in this case on April 22, 1988. After several days of legal argument, the court, *Cioffi, J.*, declared a mistrial. Both the

[4] The second count of the complaint, directed against the plaintiff's union for failing to prosecute his grievance before the Connecticut board of mediation and arbitration, and the third count, directed at the city for refusing to permit the plaintiff to pursue the collective bargaining agreement grievance procedures in his own behalf, were dismissed by the trial court, and their dismissal has not been challenged on appeal. Similarly, the plaintiff has not raised on appeal the failure of the trial court to render judgment on the fourth count of his complaint, which the defendants claimed had not been properly added by amendment.

[5] The plaintiff, Benjamin Tedesco, died on January 30, 1988, and the court granted permission to substitute his executrix as plaintiff. We note, however, that the plaintiff failed to amend the complaint accordingly.

The trial court found that the plaintiff's action survived his death and the defendant does not contest this finding.

defendant and the plaintiff filed motions for summary judgment, which were denied. On July 14, 1988, at a second trial, testimony began on the first count of the plaintiff's amended complaint before the court, *Cioffi, J.,* without a jury. The court rendered its oral decision on the first count, awarding the plaintiff damages and attorney's fees pursuant to 42 U.S.C. § 1983. Later, the court filed its written decision, declaring that the first count of the plaintiff's complaint stated a cause of action for "violations of both federal and state constitutional rights as well as rights embodied in 42 U.S.C. § 1983." The court further held that the plaintiff was entitled to a pretermination as well as a post-termination hearing with respect to his discharge and awarded him compensatory damages and attorney's fees pursuant to § 1983.

From this judgment, the defendant appealed to the Appellate Court, challenging, inter alia, the trial court's conclusion that the first count of the complaint stated a cause of action against the city under § 1983.[6] The Appellate Court held that the complaint did not "support a § 1983 cause of action because it failed even to imply, let alone affirmatively allege, that any deprivation that occurred was attributable to the operation of

---

[6] On appeal to the Appellate Court, the defendant raised three additional claims: (1) whether the trial court erred in denying the defendant's motion for summary judgment and in determining that the plaintiff was deprived of due process because the decision of the board of mediation and arbitration was untimely and was not entitled to preclusive effect; (2) whether the trial court erred in awarding compensatory damages to the plaintiff solely against the city since the court found that the plaintiff was never able to return to his job as a laborer with the city; and (3) whether the court erred in awarding attorney's fees under 42 U.S.C. § 1983 solely against the city. The Appellate Court did not address these claims in view of its conclusion that judgment should be directed for the defendant because the plaintiff's amended complaint did not set out a cause of action under § 1983. Since these grounds of appeal have not been addressed by the Appellate Court, our reversal of its judgment requires that we remand this case to that court for further proceedings.

a municipal governmental policy, ordinance, regulation, or officially adopted and promulgated decision." *Tedesco* v. *Stamford,* supra, 57. The court further concluded that the complaint was devoid of any facts that would support a recovery on the alternative ground that the plaintiff had suffered a constitutional deprivation pursuant to governmental custom, even though such custom had not received formal approval.

The plaintiff contends that the Appellate Court should have considered whether the city was misled or prejudiced by the plaintiff's failure to allege that his constitutional rights were violated as the result of a municipal policy or custom. The plaintiff maintains that the Appellate Court did not consider that the city had failed to object to the evidence introduced at trial establishing the existence in Stamford of the policy regarding employee terminations that had resulted in a violation of his constitutional rights. He contends also that the city was not prejudiced or misled by any evidence introduced on that subject. The plaintiff argues, therefore, that any variance between the complaint and the proof was immaterial.

To state a cause of action under § 1983, a plaintiff must allege that a deprivation of federal rights has occurred under color of any statute, ordinance, regulation, custom or usage. 42 U.S.C. § 1983. "[T]he touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution . . . ." *Monell* v. *Department of Social Services,* 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Canton* v. *Harris,* 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *St. Louis* v. *Praprotnik,* 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988). "[M]unicipal liability under § 1983 attaches where— and only where—a deliberate choice to follow a course of action is made from among various alternatives" by

city policymakers. *Pembaur* v. *Cincinnati,* 475 U.S. 469, 483, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). In addition, § 1983 also authorizes suit "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell* v. *Department of Social Services,* supra, 690–91. Therefore, the Appellate Court properly held that to state a valid cause of action under § 1983, the plaintiff's complaint must allege a policy or custom that resulted in a deprivation of a constitutional right.

The absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike, however, is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice. "[I]f parties will insist on going to trial on issues framed in a slovenly manner, they must abide the verdict; judgment will not be arrested for faults in statement when facts sufficient to support the judgment have been substantially put in issue and found." *Morehouse* v. *Throckmorton,* 72 Conn. 449, 453, 44 A. 747 (1899). "Want of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect." *Gargan* v. *Harris,* 90 Conn. 188, 191, 96 A. 940 (1916). We have previously applied this principle of aider by verdict or judgment to cure the absence of an essential allegation in a complaint. *Wall* v. *Toomey,* 52 Conn. 35, 39 (1884); see *Gargan* v. *Harris,* supra.

Our rules of practice are designed "to have all formal and technical objections made known as early as practicable, so that the plaintiff may amend or proceed anew, and the parties may, as expeditiously and inexpensively as possible, reach and settle their controversy upon its merits." *Donaghue* v. *Gaffy,* 53 Conn. 43, 52

(1885). "The appeal process should not be utilized to seek to correct pleading deficiencies the party complaining clearly could have remedied under our rules in the trial court." *Fuessenich v. DiNardo,* 195 Conn. 144, 149, 487 A.2d 514 (1985).

Although a judgment ordinarily cures pleading defects, it does not remedy a lack of sufficient evidence to prove all of the essential elements of a plaintiff's cause of action. In this case, however, it was undisputed that the city had a policy of refusing to grant postter-mination hearings, as provided in §§ 740.1 and 740.2 of the Stamford city charter, to union members on the ground that the grievance procedure set forth in the collective bargaining agreement was their exclusive remedy. The city personnel director testified that the policy of the personnel appeals board was to deny hearings to discharged employees like the plaintiff. He also testified that no pretermination hearing procedures had been established and no such hearings took place before discharge of an employee. During the trial, the court expressly noted that this witness had testified "that he's aware of the policy of the Personnel Appeals Board and that the policy of the Personnel Appeals Board is [that] they would not give hearings." Thus, despite the absence of any allegation in the complaint that the denial of a hearing, the gravamen of the claimed constitutional violation, was pursuant to a policy or custom of the city, it is clear that this element of his cause of action was proved by the plaintiff.

The Appellate Court relied upon several cases in which this court has declared that "the right of a plaintiff to recover is limited to the allegations of his complaint," that "[a] plaintiff may not allege one cause of action and recover upon another," and that "[f]acts found but not averred cannot be made the basis for a recovery." *Malone v. Steinberg,* 138 Conn. 718, 721, 89 A.2d 213 (1952); see also *Kawasaki Kisen Kaisha,*

*Ltd.* v. *Indomar, Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977). These pronouncements relate to the requirement that a pleading must provide adequate notice of the facts claimed and the issues to be tried. Whether a complaint furnishes such notice, however, is a fundamentally different question from whether it fails to state a cause of action because of the omission of an essential allegation, a deficiency that should be raised before trial. Afterwards, such a pleading defect cannot be a basis for setting aside a judgment unless it has materially prejudiced the defendant.

"Whether a complaint gives sufficient notice is determined in each case with reference to the character of the wrong complained of and the underlying purpose of the rule which is to prevent surprise upon the defendant." *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* 193 Conn. 208, 223–24 n.16, 477 A.2d 988 (1984). The first count of the plaintiff's amended complaint alleged that "the [board's] decision and action, in failing to hear the Plaintiff's appeal, in failing to exercise its jurisdiction, and in failing to afford the Plaintiff a hearing . . . is in violation of the established employment practices of the City and it denies the Plaintiff due process of law . . . said action [and] decision of the Board is thus contrary to law in that it violates [the] Plaintiff's rights under the United States Constitution, the Constitution of the State of Connecticut . . . . " It is clear from the record that the plaintiff's amended complaint did not explicitly state that his constitutional rights were violated because of a municipal policy. A careful review of the record and transcripts, however, reveals that the defendant had sufficient notice that the plaintiff was asserting a § 1983 cause of action and any variance between the pleadings and proof was immaterial.

On April 29, 1988, during the first trial, the defendant's counsel argued to the court that the plaintiff

should be precluded from presenting evidence on whether it had violated the plaintiff's constitutional rights in failing to afford the plaintiff a pretermination hearing, because such evidence was outside the scope of the pleadings. In so arguing, the defendant's counsel stated: "I think if the Court is going to entertain a belated amendment that this is a [§] 1983 action. I think [I should be able to assert a defense]. . . . [A]s I understand the law he has not pleaded a [§] 1983 claim." The court, responding to the defendant's counsel and referring to the first count of the plaintiff's amended complaint, stated: "I think he's already pled in [§] 1983 and in [§] 1988 because he's pled that you have violated federal law and you failed under the pleadings to ask him to make it more specific." The court held, therefore, two and one-half months prior to the second trial, that the plaintiff's first count set forth a § 1983 cause of action against the defendant. We note that the defendant did not then argue that the first count of the plaintiff's amended complaint did not state a cause of action under § 1983 because it failed to allege that the violation of the plaintiff's constitutional rights was attributable to a municipal policy. The defendant, therefore, had notice that the plaintiff's amended complaint alleged a cause of action under § 1983 in April, 1988, two and one-half months prior to the second trial.

In addition, on May 27, 1988, prior to the commencement of the second trial, the defendant filed a motion for summary judgment accompanied by a forty-two page memorandum of law. Although a portion of the defendant's memorandum was devoted to the reasons why the first count of the plaintiff's amended complaint failed to state a cause of action under § 1983, there was no reference to the plaintiff's failure to allege that his constitutional deprivation was the result of a municipal policy. The focus of the defendant's argument was

that the first count failed to cite § 1983 and to allege that the defendant had violated the plaintiff's procedural due process rights by failing to afford the plaintiff a pretermination hearing.

Since the record thus establishes that the defendant had adequate notice of the facts claimed and the issue to be tried, the only question that remains is whether the judgment against the defendant should be set aside because of defects in the plaintiff's pleading of his cause of action. We have, however, stated that "[t]he proper way to attack a variance between pleadings and proof is by objection at the trial to the admissibility of that evidence which varies from the pleadings, and failure to do so at the trial constitutes a waiver of any objection to such variance." *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* supra, 224 n.16. "A variance is a departure of the proof from the facts as alleged. Not every variance, however, is a fatal one since immaterial variances are disregarded under our practice. Practice Book § [178] . . . . Only material variances, those which disclose a departure from the allegations in some matter essential to the charge or claim, warrant the reversal of a judgment. . . ." *Strimiska* v. *Yates,* 158 Conn. 179, 183, 257 A.2d 814 (1969); *Web Press Services Corporation* v. *New London Motors, Inc.,* 203 Conn. 342, 359–60, 525 A.2d 57 (1987); *Fuessenich* v. *DiNardo,* supra, 151–52; *O'Connor* v. *Dory Corporation,* 174 Conn. 65, 68, 381 A.2d 559 (1977).

During the trial, the city did not object to the introduction of testimony elicited by the plaintiff's counsel from its personnel director concerning the city's policies regarding pretermination and posttermination proceedings on the ground that the evidence was beyond the scope of the pleadings. Specifically, no objection was made when the director testified that a provision in the city charter had required him to

promulgate regulations to afford employees notice prior to termination, but that no regulations were in effect in 1981, as the charter provided, requiring the city to give notice prior to termination. In fact, when the plaintiff asked what the city's policy was regarding termination of injured employees, the city's counsel injected: "Your honor, if I could, please. It becomes a little bit confusing at this point. If we're on the [§] 1983 cause of action, I don't object to the question. If the testimony is to carry over to any other counts other than the [§] 1983 cause of action, then I do object because it's relevant [sic]." In addition, no objection was raised when the personnel director testified that the personnel appeals board had a policy of denying posttermination hearings to employees who were members of the union subject to a collective bargaining agreement with the city.[7]

If the defendant had timely objected to the evidence introduced at trial concerning an established municipal policy, the plaintiff might have been permitted to amend his complaint and any prejudice could have been cured by a request for a continuance. "Where a case has been litigated wholly upon the merits a party is not permitted after judgment to take advantage of defects in procedure which, had attention been called to them at the trial, could readily have been amended." *Meyers* v. *Arm,* 126 Conn. 579, 582, 13 A.2d 507 (1940). Therefore, any variance between the pleadings and proof at

---

[7] After the trial court had rendered its oral decision on July 19, 1988, in favor of the plaintiff, the defendant took a lengthy exception to the court's judgment. The defendant, however, did not contest the trial court's ruling that the first count alleged a cause of action under 42 U.S.C. § 1983 on the ground that the plaintiff had failed to allege a municipal policy. The first time the defendant claimed that the plaintiff's amended complaint did not state a cause of action under § 1983 because it failed to allege that the plaintiff had been deprived of his constitutional rights as the result of a municipal policy was when its brief was filed with the Appellate Court.

trial was clearly waived by the defendant's failure to object to the evidence. See *Pepe* v. *New Britain,* 203 Conn. 281, 286, 524 A.2d 629 (1987).

Notably, the defendant does not claim that it was prejudiced by the plaintiff's failure to allege in his complaint that he was deprived of his constitutional rights as the result of a municipal policy. Nor does the defendant contend that it was surprised, misled or that it would have prepared its defense in a different manner had it known that the plaintiff was pursuing a cause of action under § 1983. In the present circumstances, any prejudice that might have resulted was minimal, because the defendant had notice that the plaintiff was pursuing a cause of action under § 1983 in April, 1988, approximately two and one-half months before the second trial began and the defendant failed to ask for a continuance.

We conclude that there was no material variance between the pleadings and proof. The defendant had sufficient notice that the plaintiff was pursuing a cause of action under 42 U.S.C. § 1983 to prepare its defense and was not misled or surprised by the plaintiff's failure to allege specifically that his constitutional rights were violated as the result of a municipal policy. The defendant's failure to object to the introduction of evidence concerning the city's policies and its failure to claim any prejudice further supports this conclusion.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.