[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
On May 15, 1989, the plaintiffs, George Thomas, Barbara Thomas and John Finnel, filed a two-count complaint against the CT Page 9196 defendants, the City of West Haven, the Planning and Zoning Commission of the City of West Haven (Commission), and the individual members of the Commission.[1] This complaint was revised on October 3, 1989, on October 19, 1989, and amended on January 14, 1994. The plaintiffs allege (1) a taking of the plaintiffs' land without due process in violation of article first of the Connecticut Constitution and the fifth and fourteenth amendments of the United States Constitution, and (2) a denial of due process of law and a denial of equal protection in violation of article first
of the Connecticut Constitution and the fifth andfourteenth amendments of the United States Constitution, redress for which is provided by 42 U.S.C. § 1983. The defendants filed an amended answer and/or special defense to the plaintiffs' amended complaint on May 18, 1993,[2] June 28, 1993 and May 16, 1994. All parties have filed competing motions for summary judgment.
The facts alleged in the revised complaint are as follows. The plaintiffs are owners of two contiguous parcels of land located at 770 Campbell Avenue, New Haven, Connecticut. On April 1, 1986, the plaintiffs applied to the Commission for a change of zone classification of the plaintiffs' property from C-2 (commercial — local service) on one parcel and R3-2 (residential — two family) on the other to R-5 (apartment building) on both parcels to allow for conversion of the existing building on the property to residential condominium units. After conducting a public hearing on the plaintiffs' application on May 13, 1986, the Commission denied the plaintiffs' application on May 20, 1986.
George Thomas appealed to the Superior Court, pursuant to General Statutes § 8-8, from the denial of his application for a zone change. The Superior Court, Schimmelman, J., sustained Thomas's appeal on the ground that, in denying the zone change application, the Commission acted illegally, arbitrarily and in abuse of discretion in that its decision was predetermined and based upon a personal prejudice against Thomas.
By application dated May 9, 1986, the plaintiffs also sought a variance of the existing zone classifications of their property to allow a mixed residential and commercial use on both parcels and to allow a three story building on a portion of the property. The Zoning Board of Appeals (ZBA) denied the plaintiffs' variance application after the defendant, Mayor Azelio Guerra, attended the hearing thereon and communicated his opposition to the ZBA.
On June 16, 1986, the plaintiffs, in the name of T.F. CT Page 9197 Builders, applied for a change of zone classification of their property from C-2 and R3-2 to CM (mixed — commercial and multi-family) to allow for conversion of the building on the property to residential and commercial condominium units. After a public hearing on July 14, 1986, the Commission denied the zone change application on July 22, 1986.
Subsequent to the denial of the plaintiffs' first zone change application, the Commission amended its regulations to include a moratorium on zone changes which would permit the construction of multi-family/condominium housing. The moratorium became effective September 1, 1986, and was continued until December 1, 1987, or until such time as a new comprehensive plan for the City was adopted.[3]
After the Superior Court sustained the appeal, the plaintiffs' April 1, 1986 zone change application was reactivated at the request of the plaintiffs. On June 23, 1987, the Commission reconsidered the plaintiffs' application at a public hearing. At the hearing, the defendant Guerra spoke in opposition to the plaintiffs' application. On July 1, 1987, the plaintiffs were notified that the Commission had again denied their zone change application.[4]
The plaintiffs appealed to the Superior Court, pursuant to General Statutes § 8-8, from the second denial of their zone change application. The Superior Court, Flanagan, J., sustained the plaintiffs' appeal on the ground that the Commission acted with predisposition and predetermination in denying the plaintiffs' application. In reaching its conclusion, the court found that certain Commission members, in particular Saldibar and Lewis, created an atmosphere of hostility toward Thomas, preventing the plaintiffs from getting the fair hearing to which they were entitled.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 105, 639 A.2d 507 (1994). CT Page 9198
The moving party "has the burden of showing the absence of any genuine issue as to all material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . and he is given the benefit of all favorable inferences that can be drawn." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986). "The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont Plastics Corp.,
supra, 220 Conn. 105-06. "`A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.'"Whitney Avenue Corp. v. Heritage Canal Development Associates,33 Conn. App. 563, 566, 636 A.2d 1377 (1994), quoting Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified testimony of transcripts under oath, disclosures, written admissions and the like. . . ." Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 291 n. 7, 596 A.2d 414 (1991), quoting Practice Book § 380.
The plaintiffs argue that they are entitled to summary judgment on the grounds that they have been denied due process of law and have been denied equal protection under the law, and thus should prevail under 42 U.S.C. § 1983.
The defendants argue that the plaintiffs have been denied neither due process of the law nor equal protection under the law. They also assert there has been no "takers" of the plaintiff's property.
Section 1983 of 42 U.S.C. provides, in pertinent part:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in CT Page 9199 equity, or other proper proceeding for redress."
"Section 1983 of 42 U.S.C. is available to redress deprivations under color of state law of rights, privileges and immunities secured by federal statutes as well as by the constitution." Fetterman v. University of Connecticut, 192 Conn. 539,549, 473 A.2d 1176 (1984), citing Maine v. Thiboutot, 448 U.S. 1,100 S.Ct. 2502, 65 L.Ed.2d 555 (1979)." [T]he touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution [sic]. . . ." (Citations omitted; internal quotation marks omitted.) Tedesco v. Stamford, 215 Conn. 450,456, 576 A.2d 1273 (1990). The United States Constitution provides that the "State [shall not] deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, 1.
State courts have concurrent jurisdiction with federal courts with regard to a 42 U.S.C. § 1983 cause of action. Red MapleProperties v. Zoning Commission, 222 Conn. 730, 739 n. 7,610 A.2d 1238 (1992). Thus, "[t]he decisions of the federal circuit in which a state court is located are entitled to great weight in the interpretation of a federal statute. This is particularly true in 42 U.S.C. cases. . . ." Id.
As to the first count of the complaint, which alleges a taking, it appears that the plaintiffs, who have not briefed this issue, concede that summary judgment may enter in favor of the defendants on this claim.
The due process claim asserted by the plaintiffs, is governed by RRI Realty Corporation v. Incorporated Village of Southhampton,870 F.2d 911 (2d Cir. 1989); Red Maple Properties v. ZoningCommission, 222 Conn. 730 (1992); and Carr v. Bridgewater,224 Conn. 44 (1992). In order to proceed on a due process claim one must have a property interest. In cases like this one, a property right must be shown by "clear entitlement" to the zoning action sought. The plaintiff, who sought a zone change classification cannot meet this test, as the zoning authority retained wide discretion in regard to the zone classification.
On the other hand, the plaintiffs' equal protection claim is not subject to this entitlement test. Rather, the plaintiffs' claim is governed by cases which deal with selective treatment of CT Page 9200 persons similarly situated. While the complaint makes no claim of selective "enforcement", it may be analogized to such cases, because at its heart is the allegation of being singled out for different treatment by the zoning authority.
In LeClaire v. Saunders, 627 F.2d 606, 608, the plaintiff claimed selective enforcement of a lawful state regulation based on an invidious purpose. The plaintiffs fell into no suspect class. The Second Circuit stated the rule of law in such cases:
 "Liability in the instant typed equal protection case should depend on proof that 1) the person, compared with others similarly situated, was selectively treated; and 2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Id., 609-610.
The question of whether the defendants here violated this rule of law is fact-bound and must be resolved by a jury.
As the plaintiffs have abandoned their first count alleging a taking, summary judgment on that count is granted in favor of the defendants.
As to the second count, both the plaintiffs' and defendants' motions for summary judgment are denied. While both due process and equal protection claims are made in that count, only the equal protection claim should be presented to the jury, as the due process claim fails as a matter of law. As the pleadings are not organized so that this outcome can be ordered here, the trial judge will need to make appropriate rulings at the time of the trial.
Elaine Gordon, Judge