[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE
A reading of the complaint reveals the following assertion of facts for consideration by the court when deciding this Motion To Strike. This case arises out of the defendant Yale University's alleged breach of an employment contract with the plaintiff Resat Keles. The plaintiff claims that he was offered a full-time research assistant position for a one-year term from September 1990 through September 1991. The term of employment was allegedly extended from September 1991 through May 31, 1991. The plaintiff further alleges that the defendant failed and refused to pay to him the monthly salary for the time period of September 1990 through May 1992.[1]
CT Page 10088
The current action is presented in a two-count revised complaint. The first count is a claim for compensatory damages based upon an alleged breach of the employment contract. The second count is a claim for compensatory damages based upon allegations of theft of property or services, and a claim for treble and punitive damages made pursuant to General Statutes Sec52-564.
The defendant has moved to strike the second count of the plaintiff's Second Revised Complaint. According to the defendant's memorandum the second count fails to set forth the elements of a larceny claim, a necessary prerequisite to a claim f or theft under Connecticut General Statutes Sec 52-564.
In deciding a motion to strike the court should remember, "[t] he purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of a compliant . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 215, 618 A.2d 25
(1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp. , 240 Conn. 580, 693 A.2d 293
(1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Connecticut Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 825,676 A.2d 357 (1996).
This court finds that the second count of the plaintiff's Second Revised Compliant fulfills proper pleading requirements relative to alleging a cause of action under Connecticut General Statutes Sec 52-564.
"The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until that trial is under way." Pawlinski v. Stamford, CT Page 10089215 Conn. 450, 459, 576 A.2d 1273 (1990). The requirements of pleading are based on the principle "that a pleading must provide adequate notice of the facts claimed and the issues to be tried." Todd v.Glines, 217 Conn. 1, 9, 583 A.2d 1287 (1970). Count two of plaintiff's Second Revised Complaint provides both this court and opposing counsel with adequate notice of the facts which he is alleging and of the legal issues to be tried, in as much as it sets out a series of allegedly actionable facts and the statute which these facts allegedly violate. "Whether a complaint gives sufficient notice is determined in each case with reference to the character of the wrong complained of and the underlying purpose of the rule which is to prevent surprise upon the defendant." Tedesco v. Stamford, 215 Conn. 450, 459,576 A.2d 1273 (1990). Citing Waterbury Petroleum Products, Inc. v. CanaanOil Fuel Co., 193 Conn. 208, 223-224 n. 16, 477 A.2d 988 (1984). Clearly, the defendant cannot claim surprise.
For the foregoing reasons the motion to strike is denied.
Clarance J. Jones Judge of The Superior Court