[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
CT Page 5149-IIII
This is an action for lead paint poisoning commenced on behalf of the minor plaintiffs, Jessica, Nicolas and Joseph Tackling, `by their parents, Bruce and Helene Tackling, against the defendants Mary Shinerman, William E. Kane III, Ina Chen, Re/Max Olympic Realty, the McCue Mortgage Company and Doris DeWees a/k/a Doris DeWees Chum (DeWees). At the time the complaint was filed, Jessica, Nicolas and Joseph were four years, one year and ten months, and five months old, respectively.
The plaintiffs commenced the present action by complaint filed on December 4, 1991, which they subsequently amended on August 21, 1992. The complaint alleges that the plaintiffs were in the market to purchase a new home from about December 1989 to March 1990, that the plaintiffs engaged the services of defendant Shinerman, the agent, servant and employee of defendants Re/Max Realty, Kane and Chen, to show them various properties, that one of the properties was a residence known as 29-31 Garfield Avenue, New London, Connecticut, that defendant DeWees performed the required appraisals and inspections on the property, and that the plaintiffs eventually purchased the property on March 1, 1990. The plaintiffs further allege that as a result of the negligent representations, omissions, or misrepresentations of defendants they entered the residence prior to the "closing" to begin renovating the interior and exterior surfaces of the residence, which surfaces contained paint with a lead base of more than .06%, and that the minor plaintiffs, Jessica, Nicolas and Joseph, suffered lead poisoning as a result.
The complaint is brought in nineteen separate counts, however, only counts fourteen and fifteen are relevant to the present motion for summary judgment. Counts fourteen and fifteen assert claims for negligence and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a etseq., respectively, against defendant DeWees.
Defendant DeWees filed and answer and special defenses to the plaintiffs original complaint on September 28, 1992. Defendant DeWees thereafter filed a motion for summary judgment on December 21, 1992, which was denied by the court, Teller, J., by memorandum of decision filed on April 20, 1993. On April 21, 1993, DeWees filed an answer and special defenses, which were subsequently amended on April 23, 1993. On December 10, 1993, the plaintiffs' action was dismissed under the dormancy program administered under Practice Book § 251, which judgment was CT Page 5149-JJJJ reopened upon the plaintiffs' motion filed December 30, 1993. The plaintiffs thereafter filed a reply to defendant DeWees amended answer and special defenses on November 10, 1994. On April 18, 1994, defendant DeWees amended her answer and special defenses for a third time. On July 14, 1995, with the permission of the court, Hendel, J., defendant DeWees filed the present motion for summary judgment and an accompanying memorandum of law. The plaintiffs filed an objection and accompanying memorandum of law on January 12, 1996.
DISCUSSION
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact [however] . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
In deciding a motion for summary judgment, "the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers,197 Conn. 9, 15, 495 A.2d 1023 (1985). "[T]he court [is] limited to deciding whether an issue exist[s], but it [cannot] try that issue if it [does] exist." Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982). Any "other documents" submitted in support of the motion must be such documents as would be admissible as evidence at trial. Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 582 (1984).
In the present case, defendant DeWees moves for summary judgment pursuant to General Statutes (1991) § 36-9h(d)[1]. Before the present motion can be considered on it merits, however, there are several other issues that bear discussion. CT Page 5149-KKKK
First, the plaintiffs argue that the defendant failed to request leave of the court pursuant to Practice Book § 176 to file the amended answer and special defenses on April 18, 1995, that added the special defense of General Statutes § 36-9h(d). It is the plaintiffs' contention that the present motion for summary judgment is therefore not properly before this court.
Practice Book § 176 provides in pertinent part:
 Except as provided in Sec. 182, a party may amend his pleading or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner: . . .(c) By filing an request for leave to file such amendment, with the amendment appended, after service upon each party as provided by Sec. 120, and with proof of service endorsed thereon. If no objection thereto has been filed by any party within fifteen days from the date of the filling of said request, the amendment shall be deemed to have been filed by consent of the adverse party. . . .
In the present case, defendant DeWees did fail to attach a motion requesting permission to amend her answer and special defenses to her amended pleading. The certificate of service attached to the amendment, however, shows that the plaintiffs' counsel was in fact served with a copy of the amended pleading on or about April 18, 1995. Notwithstanding this notice, the plaintiffs failed to object to defendant DeWees proposed amendment for nearly eight full months until they filed their objection to the present motion for summary judgment on January 12, 1996. Therefore, the court finds that the plaintiffs have waived their right to object to defendant DeWees' amended answer and special defenses of within fifteen days of its filing or any reasonable time thereafter. Practice Book § 176.
A second issue that must be addressed is the previous denial of defendant DeWees December 21, 1992, motion for summary judgment by this court, Teller. J., and its possible effect on the present motion. In the previous motion for summary judgment, the issues raised by defendant DeWees were: (1) lack of privity of contract between her and the plaintiffs, which the court held had no bearing on a common law negligence claim; (2) that even if the plaintiffs could bring a common law negligence claim, the HUD CT Page 5149-LLLL and FHA regulations relied upon by the plaintiffs did not support a private cause of action in negligence, which was rejected on the grounds that the court found that the plaintiffs were within the class of victims to intended to be protected by the regulations; and (3) and that the plaintiffs had not alleged sufficient facts in her underlying claims to establish a CUTPA violation, which the court rejected on the grounds that it had found the plaintiffs' underlying negligence claim to be valid. Therefore, the issue of whether the plaintiffs' action against defendant DeWees is barred by the application of General Statutes § 36-9h(d) was never raised nor addressed by the court in deciding the previous motion for summary judgment.
The plaintiffs further contend that defendant DeWees is limited to filing a single motion for summary judgment by Practice Book § 379. Finding that the record does not indicate any extreme negligence on the part of defendant DeWees, nor do the plaintiffs present any such evidence, the court rejects the plaintiffs' argument. The object of a motion for summary judgment is to expedite the trial process by disposing of "sham or frivolous cases in a manner that is speedier and less expensive for all concerned than a full-dress trial." United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 376,260 A.2d 596 (1969). Therefore, since the statute asserted by defendant DeWees is dispositive of the plaintiffs' cause of action, the court will address the merits of the motion. Id.
General Statutes (Rev. 1991) § 36-9h provides in pertinent part that:
 (b) Appraisal report fee. Any financial institution which directly or indirectly imposes a fee on any applicant for an appraisal on real property to secure a mortgage loan shall make available to such applicant at no charge a copy of the appraisal report. . . .
 (d) Liability of person who prepares appraisal report. Any person who prepares such appraisal report shall not be liable to any person with whom he has not contracted to make such appraisal report for opinions or facts stated in or omitted from such appraisal report, unless such statement or omission results from intentional misrepresentation.
(Emphasis added.) CT Page 5149-MMMM
In support of her motion for summary judgment, defendant DeWees submits her own affidavit dated June 8, 1996, and a supplemental affidavit dated October 5, 1995. The affidavits together establish that the only person or entity defendant DeWees had a contract or agreement with in regards to the appraisal of 29-31 Garfield Avenue property was the McCue Mortgage Company. Defendant DeWees avers further that the only service she performed was an appraisal of the Garfield Avenue property, that she was paid directly for her services by McCue Mortgage, that she never corresponded in writing or orally with the plaintiffs regarding the appraisal of the Garfield Avenue property, and that she was never given the plaintiffs' names when McCue Mortgage provided her with the written request for the appraisal.
The plaintiffs present nothing to contest defendant DeWees affidavits, but simply argue that the allegations in their complaint go beyond the appraisal to allege that defendant DeWees also performed a faulty inspection of the premises. In light of the averments in defendant DeWees' affidavit that the only function she performed was to appraise the 29-31 Garfield Avenue property, the plaintiffs' mere allegation that she performed other functions upon which liability may be based, without producing evidence in support thereof, is insufficient to refute defendant DeWees' evidence. Home Insurance Company v. Aetna Life Casualty Co., 235 Conn. 185, 202, ___ A.2d ___ (1995). Therefore, because defendant DeWees only provided appraisal services with regard to 29-31 Garfield Avenue and had no contract with the plaintiffs in the course of completing the appraisal, the defendant is protected for being sued by the plaintiffs based on the inaccuracy of the information contained therein. General Statutes (Rev. 1991) § 36-9h(d).
The plaintiffs make a final argument that General Statutes (Rev. 1991) § 36-9h(d) is not applicable to the present case, because it was not intended to protect appraisers where they "misrepresent" the value of property. The plaintiffs' argument implies that the alleged failure of DeWees to include facts concerning the existence of lead based paint in her appraisal of the Garfield Avenue property was intentional and therefore falls within the exception to General Statutes § 36-9h. The plaintiffs, however, only allege negligent, not intentional, misrepresentations and/or omissions against defendant DeWees in their complaint. Therefore, whether defendant DeWees alleged CT Page 5149-NNNN omissions or misrepresentations were intentional and fall outside of the protection provided by General Statutes (Rev. 1991) § 36-9h(d) is not at issue before this court. See Tedesco v.Stamford, 215 Conn. 450, 458, 576 A.2d 1273 (1990) (plaintiff's right to recover is limited to the allegations contained in the complaint.).
CONCLUSION
Based on the foregoing, defendant DeWees motion for summary judgment as to counts fourteen and fifteen of the plaintiffs' complaint is granted.
Hurley, J.