[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT AS TO THE CLAIM AGAINST THE CITY OF BRIDGEPORT (DOCKET ENTRY NO. 121)
The defendant, City of Bridgeport, argued that the court should grant summary judgment as to the claim of common law negligence against the City of Bridgeport because the plaintiff has failed to plead § 52-557n of the General Statutes. Section52-557n provides in relevant part: "a political subdivision of the state shall be liable for damages to person or property caused by . . . the negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties", subject to several exceptions. CT Page 13737
Practice Book § 10-3(a) provides: "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." The court has stated that "[s]uch a rule promotes the . . . judicial policy of full, informative, comprehensive and open disclosure of legal claims . . . [and] theidentification, narrowing and resolution of issues before the court." (Emphasis in original; internal quotation marks omitted.) Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796-97, 653 A.2d 122 (1995). Thus, the underlying purpose of § 10-3 (a) is to give "adequate notice of the facts claimed and the issues to be tried." Tedesco v.Stamford, 215 Conn. 450, 459, 576 A.2d 1273 (1990).
Our Supreme Court has repeatedly stated, however, that §10-3 (a) is merely directory and not mandatory. Shakel v.Benedict, 54 Conn. App. 663, 684, ___ A.2d ___ (1999). Therefore, failure to plead a specific statute is not always fatal. The court has excused noncompliance with § 10-3 (a) where the record discloses that neither the opposing party nor the . . . court were confused or misled as to the statutory basis of the party's claim. Id.
However, the present case is governed by Williams v. City ofNew Haven, 243 Conn. 763, 707 A.2d 1251 (1998). There, the Supreme Court determined in a remarkably similar factual situation that the plaintiffs could not prevail in a negligence action against the city of New Haven "because they did not rely on any statute to abrogate [governmental] immunity. Id., 765. InWilliams, as here, the plaintiffs "relied solely on their claim of common-law negligence on the part of the defendant." Id., 766. "At no time [did they advance] any statute as a basis for the liability of the defendant. . . ." Id. Therefore, the Supreme Court determined in Williams that, where plaintiffs seek relief pursuant to the statutory remedies embodied in §§ 7-308 or 55-557n, it is mandatory that they plead the statutes. SeeWilliams v. City of New Haven, supra, 243 Conn. 765.
Accordingly, inasmuch as the plaintiff failed to allege that it predicated its claim against the municipality on § 52-557n, the court is constrained to grant the defendant's motion for summary judgment as to the plaintiff's claim of common law negligence against the city of Bridgeport.
MELVILLE, J. CT Page 13738