[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 20, the plaintiff, Domingo Paul, filed a one count complaint, seeking an injunction and monetary damages for alleged violation of his due process rights, secured by the state and federal constitutions and by 42 U.S.C. § 1983. Process was properly served by the plaintiff on the defendants, the City of New Haven (City), Nicholas Pastore, Chief of Police for City, the New Haven Board of Police Commissioners (Board), both as a Board, and each member in his or her individual capacity.
In his complaint, the plaintiff alleges the following facts. The plaintiff is a police officer employed by City, making him subject to the supervisory and disciplinary powers of Chief Pastore and the Board, pursuant to City charter and state and federal law. Chief Pastore preferred charges against the plaintiff on July 11, 1994 for violation of Rule 15 Item 42 of the Manual of the Department of Police Service of the City of New Haven ("conduct unbecoming an officer"). (See Exhibit A, attached CT Page 8742 to plaintiff's Memorandum in Support of his Application for Temporary Injunction.) Once Chief Pastore preferred the charge against him, the plaintiff became the subject of a disciplinary proceeding before the Board on December 7, 1994, pursuant to police department policy. The proceeding did not conclude, but was held over by the Board until September 20, 1995. The pleadings do not mention why the hearing was held over for nine months.
The plaintiff brought his complaint after the Board's nonconclusive December 7, 1994 hearing. The contested allegations in the plaintiff's complaint are that: (1) following the December 7, 1994 hearing, the New Haven Register published an article that included City police internal affairs information not subject to release pursuant to the Connecticut Freedom of Information Act ("FOIA"); and (2) the release of information by Chief Pastore, the Board, or their agents, servants and employees acting under their control, was published in the newspaper article, depriving the plaintiff of a fair and impartial closed hearing before the Board.
The plaintiff's complaint was accompanied by an application to temporarily enjoin the Board from proceeding with the disciplinary action against the plaintiff scheduled for September 20, 1995 at 5:30 p.m. An order to show cause why a temporary injunction should not issue was granted by Booth, J. on September 20, 1995. (See Order to Show Cause attached to the complaint). The defendants were also ordered to continue the disciplinary hearing against the plaintiff until they appeared before the court pursuant to the order to show cause. (Id.)
On February 7, 1996, the defendants moved the court to vacate or modify its September 20, 1995 order so that they could proceed with the plaintiff's administrative hearing. The plaintiff filed an objection to the defendants' motion to vacate and/or modify on February 16, 1996, again alleging violation of his constitutional right to due process. Attached to the plaintiff's objection were: (1) a memorandum in support of his application for temporary injunction; (2) a copy of the charges against the plaintiff with a command for him to appear before the Board; and (3) a copy of the relevant New Haven Register article.
The defendants' motion to vacate was granted by Barnett, J. after a hearing on February 26, 1996, because the plaintiff failed to prove that the Board was biased against him as a result CT Page 8743 of the newspaper article. (See Exhibit 2, certified transcript of February 26, 1996 hearing, p. 43, attached to Defendant's Motion for Summary Judgment.)
The Board subsequently proceeded with the plaintiff's disciplinary hearing on April 23 and 24, 1996. (Exhibit 6, Epstein Affidavit, attached Defendants' Motion for Summary Judgment.) At the conclusion of the hearing, the Board found the plaintiff guilty of violating Rule 15, Item 42 of the New Haven Police Department's Rules and Regulations, suspending him for three months without pay, with a reduction in rank for one year. Id.
The plaintiff filed a grievance from the Board's findings on April 30, 1996. He waived the second and third review steps under his union contract with City, proceeding directly to the State Board of Mediation and Arbitration, where he requested arbitration of his grievance against the defendants. (See Exhibit 1, Grievance Procedures, Article 3, Union Agreement, attached to Defendants' Motion for Summary Judgment; see also 11 Exhibit 3, Official Grievance Form, attached to Defendants' Motion for Summary Judgment.)
The defendants answered the September 20, 1995 complaint on July 1, 1996, contesting the above allegations in the complaint. The defendants also asserted three special defenses: (1) that the plaintiff's claims are barred under the Doctrine of Governmental Immunity; (2) that the claims are barred because the plaintiff failed to exhaust his administrative remedies; and (3) that the complaint fails to state a claim upon which relief may be granted.
On July 10, 1996, the defendants filed this motion for summary judgment, arguing , that, as a matter of law, they are not liable to the plaintiff because he failed to exhaust his administrative remedies, pursuant to both the union contract and the City charter; that he failed to prove bias on the part of the Board which would render the administrative remedy futile; and that his complaint fails to allege a constitutional violation based on the policies or procedures used by the Board. The motion for summary judgment is accompanied by the following exhibits: (1) Agreement by and between the City and the New Haven Police Union; (2) a transcript of the February 26, 1996 hearing on the plaintiff's order to show cause and prayer for injunctive relief; (3) the plaintiff's official grievance filed on April 30, 1995; CT Page 8744 (4) a letter from the Connecticut Council of Police to the Connecticut State Board of Mediation and Arbitration dated June 5, 1996 that requests arbitration of the plaintiff's grievance; (5) Section 112 of the City charter; and (6) affidavit of Richard Epstein, President of the Board.
On August 5, 1996, the plaintiff filed an objection to the defendants' motion for summary judgment, arguing that his complaint seeks redress of a due process violation and, therefore, summary judgment should be denied because redress for his complaint lies outside the administrative remedies provided in his union contract.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) O G Industries,Inc. v. Planning Zoning Commission, 232 Conn. 419, 425,655 A.2d 1121 (1995); Cummings v. Tripp, 204 Conn. 67, 75,527 A.2d 230 (1987).
"[S]ubject matter jurisdiction can be raised at any time."Sawmill Brook Racing Assn., Inc. v. Boston Realty Advisors, Inc.,39 Conn. App. 444, 448, 664 A.2d 819 (1995). "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Golden Hill Paugussett Tribeof Indians v. Southbury, 231 Conn. 563, 570, 651 A.2d 1246
(1995). "The trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question." GlastonburyVolunteer Ambulance Assn., Inc. v. FOIC, 227 Conn. 848, 851,633 A.2d 305 (1993).
The court may treat the defendants' motion for summary judgment as a motion to dismiss, since a claim of lack of subject matter jurisdiction is properly brought by such a motion, pursuant to Practice Book § 143. Cummings v. Tripp, supra,204 Conn. 74-75. "When ruling on a motion to dismiss, the trial court is required to view the evidence in the light most CT Page 8745 favorable to the plaintiff and to draw every reasonable inference in his favor . . . . Whether a prima facie case has been made out is a question of law for the court. If after reviewing the evidence in the light most favorable to the plaintiff, the court cannot reasonably find the essential issues on the complaint in his favor, a judgment of dismissal is appropriate." (Citations omitted.) Gulycz v. Stop Shop Companies, Inc., 29 Conn. App. 519,523, cert. denied, 224 Conn. 923 (1992).
The procedure followed by the plaintiff in bringing his cause of action is similar to that used by the plaintiff in O GIndustries, Inc. v. Planning Zoning Commission, supra,232 Conn. 419. In O G Industries, the plaintiff submitted an application to the town's planning and zoning commission to renew a special permit and to register its land as a nonconforming use pursuant to the town's zoning regulations. Id., 422-23. The plaintiff then initiated an action in the Superior Court seeking a declaratory judgment from the court that the town's planning and zoning commission regulations were unconstitutional, as they constituted a taking of a vested property right without just compensation. Id., 423-24. The town's planning and zoning commission subsequently held a public hearing, which the plaintiff attended and introduced evidence, but the hearing was continued to allow the plaintiff to obtain further evidence. Id. Prior to the hearing's continuance date, the plaintiff sought a temporary injunction prohibiting the commission from proceeding on its application until its pending complaint could be heard on the merits. Id., 424. The temporary injunction was granted. Id. When the trial on the merits occurred almost two years later, the trial court dissolved the temporary injunction and dismissed the declaratory judgment action because the plaintiff failed to exhaust its administrative remedies. Id.
On appeal, the O G Industries court found that the requirement that a person exhaust his administrative remedies "reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide the aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." (Internal quotation marks omitted.) O G Industries. Inc. v. Planning Zoning Commission,
supra, 232 Conn. 425. The limited exceptions to the exhaustion requirement are: "where the available relief is inadequate or futile; . . . . where local procedures cannot effectively, conveniently or directly determine whether the plaintiff is CT Page 8746 entitled to the relief claimed; . . . . [and] when the challenge is to the constitutionality of the statute or regulation under which the board or agency operates, rather than to the action of the board or agency." (Citations omitted; internal quotation marks omitted.) Id., 426.
In his objection to the defendants' motion for summary judgment in the present case, the plaintiff alleges that administrative remedy is not the sole or exclusive method allowed an employee to seek redress for complaints not arising under his union contract. This argument implies that the first limited exception to the exhaustion requirement — that the available relief is inadequate — applies in the present case. In his memorandum in opposition to the motion for summary judgment, the plaintiff appears to argue that exhaustion of his administrative remedies would be futile because the disciplinary proceeding against him was tainted by the newspaper article.
"It is presumed that members of administrative boards acting in an adjudicative capacity are unbiased." Jutkowitz v.Department of Health Services, 220 Conn. 86, 100, 596 A.2d 374
(1991). "To overcome the presumption, the plaintiff . . . must demonstrate actual bias, of the board members challenged, unless the circumstances indicate a probability of such bias `too high to be constitutionally tolerable.'" Rado v. Board of Education,216 Conn. 541, 556, 583 A.2d 102 (1990), quoting Withrow v.Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). "[T]he burden of establishing a disqualifying interest on the part of an adjudicator rests upon the one seeking disqualification." Rado v. Board of Education, supra, 216 Conn. 556.
"The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59,62, 529 A.2d 1000 (1988); see also Amore v. Frankel,228 Conn. 358, 366, 636 A.2d 786 (1994).
Attached to the defendants' motion for summary judgment is the certified transcript of the February 26, 1996 hearing on the defendants' motion to vacate the order to show cause, granted by CT Page 8747 the court on September 20, 1995. (Exhibit 2, attached to Defendants' Motion for Summary Judgment.) At the February 26th hearing, five of the six members of the Board testified that they did not release the subject matter of the newspaper article; that they did not know the identity of the person who released the information; that they either did not read, or vaguely remembered reading, the newspaper article; and that, even though the newspaper article was published, the Board members could provide the plaintiff with a full, fair, and impartial hearing. (Exhibit 2, certified transcript of February 26, 1996 hearing, attached to Defendants' Motion for Summary Judgment.)
At the conclusion of the hearing on the defendants' motion to vacate the order to show cause, the court stated, "[a]ll I can tell you today is that bias has not been proven; that the [Board] under the charter of New Haven and the statutes of this state have the duty to adjudicate Mr. Paul on the charges presented against him as speedily and as fairly and as impartially as they possibly can . . . . The court cannot and will not listen to Mr. Paul's case on its substance until he goes through the administrative process. You cannot transfer a case here just because of some newspaper article." (Exhibit 2, certified transcript of February 26, 1996 hearing, pp. 43-44, attached to Defendants' Motion for Summary Judgment.) Accordingly, on the basis of the certified transcript of the February 26, 1996 hearing that accompanies the defendants' motion for summary judgment, the court is justified in granting the defendants' motion based on the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint.
Another recent case decided on appeal is instructive in the court's decision to grant the defendants' motion for summary judgment. See Drahan v. Board of Education, 42 Conn. App. 480, ___ A.2d ___ (1996). In Drahan, the appellate court decided the issue of whether the trial court properly granted the defendants' motion to dismiss the plaintiff's amended complaint on the ground that the court did not have jurisdiction because the challenged counts of the complaint were not timely filed, pursuant to General Statutes § 10-151 (f).[1] Id., 484.
While a statute that specifically defines the procedure to be followed when a municipal police officer is disciplined by the local police Board is not at issue in the present case, the General Statutes provide for the establishment of a town board of CT Page 8748 police commissioners;[2] the meetings of the commissioners;[3] and the powers of the commissioners.[4]
General Statutes § 7-276 provides, in pertinent part, "[s]uch board [of police commissioners] shall have the sole power of appointment, promotion and removal of the officers and members of such police department, under such regulations as it adopts for the purpose . . . ." The statute also provides that the Board "shall make all needful regulations for the government thereof not contrary to law and may prescribe suitable penalties for the violation of any such regulation, including suspension or removal from office of any officer or member of such police department." General Statutes § 7-276.
New Haven adopted Article XXII, § 112 of the City charter, which provides: "[a]ny office or employee aggrieved by the action of said board may make his application to any judge of a court of competent jurisdiction within and for New Haven County in the nature of an appeal from such order of the board of commissioners, which application shall be made returnable not more than twelve nor less than three days from the date of such order of the commissioners, and a copy thereof shall be served upon the city clerk at least forty-eight hours before the day on which it is made returnable. Said judge having given such further notice as he may deem necessary, shall forthwith hear said, application, and may approve, modify, or revoke such order, and may award costs at his discretion. During the pendency of said application such order of the commissioners shall have full force and effect, subject, however, to the power of said judge if such order shall be modified or revoked to make his decree relate back to the date of such order."
Thus, as authorized by the legislature, the City set up a board of police commissioners, who adopted regulations pertaining to the appointment, promotion, and removal of officers of the City police department. The Board also adopted regulations pertaining to suitable penalties for the violation of regulations. The City charter provides for an appeal from the Board's order to the Superior Court. Charter, City of New Haven, Art. XXII, § 112.
The plaintiff's September 20, 1995 complaint was not based on an appeal from a Board's order, but preceded the Board reaching a decision. As the Drahan court noted, "[w]here a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an CT Page 8749 independent action to test the very issue which the appeal was designed to test." (Internal quotation marks omitted.) Drahan v.Board of Education, supra, 42 Conn. App. 492, citing La Croix v.Board of Education, 199 Conn. 70, 78-79, 505 A.2d 1233 (1986).
Therefore if this court were to allow the plaintiff to proceed on the merits of his complaint to "challenge the wrongful conduct of the board, [the court] would not be taking sufficient account of [the] general rule of exhaustion of remedies." (Internal quotation marks omitted.) Drahan v. Board of Education, supra, 42 Conn. App. 492.
Granting the defendants' motion for summary judgment on the basis that the plaintiff failed to exhaust his administrative remedies, however, only goes to his claims for relief available through the administrative process. The plaintiff argues in opposition to the defendants' motion for summary judgment that his complaint seeks redress of a due process violation, which lies outside the administrative remedies provided in his union contract. In his complaint, the plaintiff raises a claim that his due process rights under 42 U.S.C. § 1983 were violated.[5]
It has been held that 42 U.S.C. § 1983 does not require exhaustion of administrative remedies before bringing a § 1983 claim and, thus, such a claim will not be dismissed on that ground. Smith v. Robinson, 468 U.S. 992, 1011 n. 14,104 S.Ct. 3457, 82 L.Ed.2d 746 (1984); Fetterman v. University ofConnecticut, 192 Conn. 539, 549, 473 A.2d 1176 (1984).
"To state a cause of action under § 1983, a plaintiff must allege that a deprivation of federal rights has occurred under color of any statute, ordinance, regulation, custom or usage . . . . The touchstone of a § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected in the Constitution . . . . Municipal liability under 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives by city policy makers . . . . In addition, § 1983 also authorizes suit for constitutional; deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision making channels." (Citations omitted; internal quotation marks omitted.) Tedesco v. Stamford,215 Conn. 450, 456-57, 576 A.2d 1273 (1990). In Tedesco, the Connecticut Supreme Court upheld the Appellate Court's reasoning that, "to state a valid cause of action under § 1983, the CT Page 8750 plaintiff's complaint must allege a policy or custom that resulted in a deprivation of a constitutional right."
The plaintiff's complaint alleges that he could not receive a fair, impartial hearing before the Board because the information contained in the June 7, 1995 New Haven Register
article prejudiced the Board against him. (See Complaint, ¶ 14.) The plaintiff also alleges that Chief Pastore, the Board, or employees under their control, are responsible for information, not subject to release under Connecticut's FOIA, being released to the New Haven Register. (See Complaint, ¶ 14.) The defendants deny these allegations. (Defendants' Answer, First Count, ¶ 3.) Thus, at first glance, there appears to be a genuine issue of material fact raised by the plaintiff's complaint, militating against granting the defendants' motion for summary judgment.
However, "unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment." New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 245, 659 A.2d 1226, cert. denied, 235 Conn. 915, 665 A.2d 609 (1995). "The issue must be one which the party opposing the motion is entitled to litigate under [its] pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." (Internal quotation marks omitted.) Id. Accordingly, because the plaintiff's complaint does not allege a policy or custom that resulted in a deprivation of a constitutional right, the defendants' motion for summary judgment is granted because the plaintiff is not entitled to litigate his § 1983 claim under the pleadings. See Tedesco v. Stamford,
supra, 215 Conn. 457.
"Although the moving party [for summary judgment] has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Beers v. Bayliner Marine Corp.,236 Conn. 769, 771 n. 4, 675 A.2d 829 (1996); Delahunty v.Massachusetts Mutual Life Insurance Co., 236 Conn. 582, 588 n. 10, 674 A.2d 1290 (1996). "The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates. Inc., 33 Conn. App. 563, 567,636 A.2d 1377 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting CT Page 8751 the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569.
In support of their motion for summary judgment, the defendants provided the certified transcript of the February 26, 1996 hearing on their motion to vacate the court's September 20, 1995 Order to Show Cause. This transcript demonstrates that the plaintiff was unable to prove actual bias on the part of the Board. (Exhibit 2, certified transcript of February 26, 1996 hearing, pp. 43-44, attached to Defendants' Motion for Summary Judgment.) The plaintiff's affidavit attached to his objection to the defendants' motion for summary judgment does not provide evidence of actual bias on the part of the Board, but merely restates his allegation that he was unable to attain a fair, impartial hearing by the Board because the newspaper article was published. Furthermore, neither the complaint, nor the affidavit attached to the plaintiff's objection to the defendants' motion for summary judgment alleges a policy or custom that resulted in a deprivation of his right to due process. Tedesco v. Stamford,
supra, 215 Conn. 457.
Finally, the defendants' motion for summary judgment is granted not only because the plaintiff's complaint fails to allege a policy or custom that resulted in a deprivation of the plaintiff's right to due process, but also because the Connecticut Supreme Court found that "grievance procedures in [a] collective bargaining agreement satisfied the plaintiff's right to procedural due process." Tedesco v. Stamford, 222 Conn. 233,241, 610 A.2d 574 (1992). Accordingly, because the plaintiff has the ability to challenge the Board's April 1996 decision by submitting it to the State Board of Arbitration and; Mediation and, indeed, has chosen to take this step, "there [is] minimal risk of an erroneous deprivation of the plaintiff's property interest through the grievance procedures in the collective bargaining agreement." Id., 248.
The defendants' motion for summary judgment is granted on two grounds: (1) that the plaintiff failed to exhaust his administrative remedies in challenging the disciplinary, action taken against him by the New Haven Board of Police Commissioners; and (2) the plaintiff failed to state a cause of action under42 U.S.C. § 1983 because the complaint fails to allege a policy or custom that resulted in a deprivation of a constitutional right. CT Page 8752
Zoarski Judge Trial Referee